### BAIRD versus NICHOLS.

The balance of an open account, (originally for more than fifty dollars, but reduced below that amount by credits,) is recoverable before a Justice's Court.

Baird commenced proceedings, by warrant, before a Justice of the Peace in Tuskaloosa county, to recover the balance of an open account, alleged to be due by the defendant, Nichols.    The magistrate, on the trial, rendered judgment in favor of the plaintiff, for seventeen dollars and twenty two cents, with which he being dissatisfied, removed the case by *certiorari*, into the Circuit Court.

It appeared that the account had originally been for the sum of one hundred and sixty six dollars and sixteen cents, but was reduced by credits, (all admitted by the defendant) to the sum of forty nine dollars one cent, which the plaintiff claimed.  The Court below decided, and so charged, that the original demand having been for more than fifty dollars, the Justice of the Peace had no jurisdiction, but that the account should have been sued in the Circuit or County Court.    On this decision there was a judgment in favor of the defendant, and Baird, by bill of exceptions brought the case into this Court.

STEWART, for Plaintiff—ELLIS, *contra.*

By Mr. Justice THORNON:

This was a trial in the Circuit Court of Tuska-
loosa county, of a case brought before it by *certiorari,*
from a Justice of the Peace. The statement of the
plaintiff was, that the defendant owed him fifty dol-
lars, for work and labor done, &c. at his, the defend-
ant's special instance and request; and upon *non-
assumpsit* plead, an issue was joined. A bill of ex-
ceptions was signed at the trial, on which error is as-
signed in this Court. Upon an examination of the
bill of exceptions, it is apparent to my mind, that the
only question which could have arisen, was, whether
the balance of an account for services rendered, re-
duced below fifty dollars, by credits, could be recover-
ed by warrant from a Justice of the Peace; and not,
whether a warrant would lie for the breach of a con-
tract to perform service, of greater value than fifty dol-
lars. With reference to the question first mention-
ed, which alone grew out of the testimony stated, the
Court charged the jury, that as the amount of the ac-
count for service performed, was originally more than
fifty dollars, the plaintiff ought not to recover, even
though by credits, which he offered to prove, the
amount had been reduced below that sum. Now,
that question had been differently settled by the de-
cision of this Court, in the case of *King* and *Dough-
erty;*[a2 Stew't, 487.] upon the authority of which, this judgment
must be reversed, and the cause remanded.