ANDREWS and Others *v.* POWELL.

RESTRAINING ORDER.—The statute authorizes a temporary restraining order to be granted until notice can be given, but when such an order is granted in term, it is unreasonable to extend it until the next term. The error, however, is not available on an appeal from a final trial on the merits.

REVENUE STAMP.—After the defendant has appeared to the action, it is too late to object that the summons was not properly stamped.

ATTACHMENT.—JUSTICE OF THE PEACE.—When in a proceeding in attachment before a justice of the peace against a non-resident, the writ of attachment is returned no property found, but a summons in garnishment is served, notice of the pendency of the suit must be given by three successive publications, the last of which must be thirty days before the day of trial.

SAME.—Where, in such case, the record of the justice shows that such notice was not given, the judgment is void.

SAME.—GARNISHEES.—JURISDICTION.—When each of several claims filed before a justice in a proceeding in attachment is within the jurisdiction of the justice, judgment may be rendered against a garnishee for the aggregate amount of such claims, though such aggregate be above the jurisdiction of the justice.

APPEAL from the *Warren* Common Pleas.

RAY, C. J.—The appellee filed his complaint to enjoin the collection of a judgment obtained against him as garnishee in attachment. The complaint alleged that separate and several judgments had been obtained, by certain of the appel-

lants, against one *Delay*, and that a judgment had been rendered against the appellee, *Powell*, as garnishee, for the sum of seven hundred and ninety-seven dollars. The proceedings were had and the judgments obtained before a justice of the peace. The complaint for an injunction was filed during the term of the Court of Common Pleas, and as the complaint showed that notice could not be given, and that an emergency existed, the court granted a restraining order until the next term of the court. At the next term of the Court of Common Pleas, the record shows that both parties appeared, and the defendants moved to dissolve the restraining order. No reason is stated in the record, but we are informed by the brief of counsel that it was insisted that the court should not have granted the restraining order until after notice, and that at all events an earlier day should have been fixed for the hearing of the motion. The statute authorizes a temporary restraining order to be granted until notice can be given, and although it seems unreasonable to extend the order, without any hearing, until the next term of the court, the error cannot avail the appellants upon appeal from a final trial of the action and a judgment upon the merits.

The defendants, upon the overruling of the motion to dissolve the restraining order, entered a motion to dismiss the case for want of a revenue stamp upon the process. This motion was properly overruled, as the defendants had entered a general appearance to the action

A demurrer was filed to the complaint, on the ground that the facts stated did not constitute a cause of action. This demurrer was overruled. It is alleged in the complaint that the attachment proceedings before the justice were commenced on the seventh day of *March*, and that on the eleventh day of the same month a return of "not found, being out of the State," was made as to the defendant *Delay*. There was also a return of "no property" to the writ of attachment, and the appellee was served with gar-

nishee process. The judgment was rendered on the fifteenth day of the month following.

Sections 75 and 122 of the justices act provide that attachment proceedings before justices must be governed by the rules prescribed for the prosecution of such writs in other courts. The same provision is made in section 196 of the act concerning attachments. Section 180 of this act provides that final judgment against the garnishee shall not be rendered until the action against the defendant in attachment is determined. The publication required could not have been given in this case between the date of the filing of the complaint before the justice and the rendering of the judgment against the defendant in the attachment proceedings, and against the appellee as garnishee. We are not informed of any provision of the statute authorizing a shorter notice than a publication for three weeks successively, thirty days before the day fixed for the trial. 2 G. & H., § 38, p. 63; *id.* § 315, p. 194. Section 196 of the act on the subject of attachments provides that in proceedings before a justice, "where a summons has not been served, and property has been attached, the justice shall give three weeks notice," &c., "and fix the day of trial at the expiration of said notice," but as the complaint avers that no property was attached, the case before us is not within the provisions of this section. The complaint was therefore sufficient, as it showed that the justice had no jurisdiction of the defendant in the attachment proceedings, and that the judgments rendered therein were void.

An answer filed by the appellants presents the question of jurisdiction, under the state of facts we have discussed, and a demurrer was properly sustained to the paragraph. On the trial, the record of the justice was introduced in evidence, and sustains the finding and judgment of the Court of Common Pleas, as it clearly shows a want of jurisdiction in the justice of the person of the defendant in the attachment proceedings. It is urged by the appellee that the judgment against the garnishee is void, because the

amount is beyond the jurisdiction of the justice. The separate claims against the attachment defendant were all within the limit of the jurisdiction of the justice, and therefore he might properly render a judgment for the entire amount of these claims against the garnishee. The court improperly permitted the appellee to read in evidence to the jury his own affidavit, over the objection of the appellants. On the motion for a temporary restraining order, this would have been proper, but on the final hearing the trial must proceed as in ordinary civil cases. The error, however, will not reverse the case, as the record of the proceedings before the justice shows a case which entitles the appellee to the relief granted.

The judgment is affirmed, with costs.

*J. H. Brown, A. A. Rice* and *L. Riley,* for appellants.

*J. Park* and *L. T. Miller,* for appellee.