## GILLETT & JENNISON v. RICHARDS.

1. **Jurisdiction**: JUSTICE OF THE PEACE. A justice of the peace cannot take jurisdiction of a controversy whose amount exceeds one hundred dollars, nor if an action involving more than that amount be commenced before him can the defect be cured by rendering judgment for only a hundred dollars.

2. ———: ———: JUDGMENT. But, where he has rendered judgment in an action of which he has jurisdiction for an amount which, including costs, exceeds one hundred dollars, he may enforce such judgment by garnishment, and if need be render judgment against the garnishee.

*Appeal from Tama Circuit Court.*

TUESDAY, OCTOBER 16.

THE facts are stated in the opinion.

*Stivers & Leland,* for appellant.

*Mills & Stinson,* for appellees.

SEEVERS, J.—The plaintiffs recovered a judgment for $97.50, and $3.20 costs, in an action before a justice of the peace. An execution was issued on the judgment and the defendant garnished thereon, and he was notified to appear at a stated time before the justice and answer such interrogatories as might be propounded to him touching his indebtedness to the execution defendant. At the time fixed he appeared and denied being so indebted, and also denied having any property in his possession or under his control belonging to such defendant. The plaintiffs filed a reply controverting the answer of the defendant, and claimed judgment against him for $101.70, and costs. The justice heard and determined the issues thus found, and rendered judgment in favor of the plaintiffs and against the defendant for $101.39, and three dollars and ninety cents costs in the garnishment proceeding; to which the defendant at the time excepted.

The defendant caused the proceeding to be removed to the Circuit Court for the purpose of correcting certain alleged

errors committed by the justice. The substantial errors complained of consisted in the rendition of the judgment against the defendant for an amount exceeding one hundred dollars, and because the justice had no jurisdiction over the subject matter in controversy, for the reason that plaintiff claimed a judgment against the defendant for more than said amount. The Circuit Court modified the judgment of the justice and rendered judgment against the defendant for one hundred dollars, and costs. To this action of the court the defendant duly excepted, and appeals.

I. If the amount in controversy, as shown by the pleadings, exceeded one hundred dollars, the justice was ousted of jurisdiction, and the rendition of a judgment for a less sum than one hundred dollars would not cure the defect or bring the cause within the jurisdiction of such justice. Much less, therefore, will the correction or modification of the judgment made by the Circuit Court have the effect to correct the wrong (if any) committed by the justice.

*1. JURISDICTION: justice of the peace.*

II. The material inquiry, then, is whether, when a justice of the peace renders judgment for a sum including costs exceeding $100, he can enforce the collection of such judgment by a proceeding in garnishment.

*2. ——: ——: garnishment.*

That the judgment in the present case against the execution defendant was properly rendered, and the justice had the jurisdictional power to do so, is not and we think cannot be successfully controverted. This being true, it necessarily follows that the power to issue the execution existed, and that it could be enforced by the levy on and sale of the defendant's property. It must be presumed such defendant had no property in his possession, but it does appear that the present defendant had such property in his possession. Such property can be levied on and appropriated to the payment of the judgment by the process of garnishment, and in many cases reached in no other way. Up to the time of issuing and levying on the property the justice had undoubted jurisdiction, but the defendant comes in and instead of giving up the property as he should do, denies that he has any such in his possession, and

this, it is said, ousts the justice of jurisdiction. We are unable to concur in this view. The proceeding in garnishment is auxiliary or in aid of other remedies provided for the enforcement of judgments, and follows the judgment as a necessary incident in the hands of the court for its enforcement. The issue between the plaintiff and garnishee is whether the latter has in his possession any property belonging to the execution defendant, and, if so, what is its value. It is true that the value of the plaintiff's right may exceed one hundred dollars, and it may be therefore said the amount in controversy exceeds that sum, but the jurisdiction of the justice attached on the rendition of the judgment, and the subsequent controversy growing out of its enforcement cannot oust the justice of jurisdiction.

The views herein advanced receive support from the case of *Andrews v. Powell*, 27 Ind., 303. In that case several judgments had been rendered by a justice of the peace against one Delay, and a judgment against Powell, as garnishee, for $797, and the court say: "It is urged by the appellee that the judgment against the garnishee is void because the amount is beyond the jurisdiction of the justice. The separate claims against the attachment defendant were all within the limit of the jurisdiction of the justice, and therefore he might properly render a judgment for the entire amount of these claims against the garnishee."

No complaint is made by the plaintiffs against the modification of the judgment made by the Circuit court, and it must, therefore, be

AFFIRMED.