# Davis *v*. Bedsole.

*Attachment by Landlord against Tenant for Rent.*

1. *Plea of former recovery; when sufficient.*—A plea of former recovery is good in bar of an action, commenced by attachment in the circuit court by a landlord against his tenant, for the recovery of rent, exceed-

ing in amount the jurisdiction of a justice of the peace, which avers that after the commencement of the suit the plaintiff brought an action before a justice of the peace to recover $100 for the identical cause of action; that the plaintiff and defendant both appeared before the justice, and thereupon judgment was rendered in said suit before him for the sum of $100 and costs, and that the judgment was still of full force and vigor.

2. *Same.*—The former recovery thus pleaded is not affected by the fact that the attachment before the justice was sued out after the commencement of the suit in which the plea was filed.

3. *Remittitur ; what constitues.*—The recovery of the judgment before the justice of the peace for $100 was a release or *remittitur* of the balance of the plaintiff's demand.

APPEAL from Crenshaw Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

This suit was commenced by an attachment sued out by Frank Bedsole against James M. Davis before a justice of the peace and made returnable to said court, to recover damages for the alleged breach of a contract, by which Davis promised to deliver to Bedsole five bales of lint cotton for the rent of land. In a complaint subsequently filed the damages are averred to be $350.00. To the complaint the defendant, on 13th September, 1881, filed a plea, alleging, in substance, that after the commencement of this suit the plaintiff " brought an action by attachment before Daniel H. Workman, a justice of the peace in and for the county of Montgomery, to-wit: on the 25th day of October, 1880, against the said defendant to recover one hundred dollars for the identical cause of action in this suit mentioned, and for no other, and judgment was rendered before said justice of the peace on the 22d day of November, 1880, in said suit for the sum of one hundred dollars besides costs;" that the judgement was still of full force and vigor; that in the suit before said justice of the peace the defendant and the plaintiff appeared, and thereupon the said judgment was rendered, and that the said attachment was levied on two bales of cotton of the value of one hundred dollars, by the sheriff of Montgomery county. To this plea the plaintiff filed a demurrer, assigning, in substance, the following grounds to—wit: 1. That the plea showed that the justice of the peace had no jurisdiction of the cause of action set forth in the complaint in this cause. 2. That the plea showed that the suit before the justice of the peace was commenced after the commencement of this suit, and could have been abated on the defendant's plea. 3. That the plea did not show that the judgment rendered before the justice of the peace had been satisfied. The court sustained the demurrer to the plea, and the cause was then tried on issue joined on the plea of the general issue, and resulted in a verdict and judgment for the plaintiff.

[Davis v. Bedsole.]

The error here assigned is the judgment of the Circuit Court sustaining the demurrer to said plea.

R. M. WILLIAMSON, for appellant. (No brief came to the hands of the reporter.)

GAMBLE & PADGETT, and WATTS & SONS, *contra*, cited 1 Brick. Dig. p. 7, §§ 107, *et seq.*; *Rood v. Eslava*, 17 Ala. 430; *Pace v. Dossey*, 1 Stew. 20; *Burgess & Davis v. Sugg*, 2 Stew. & Por. 341; *Perkins v. Moore*, 16 Ala. 9; *Hopkinson v. Shelton*, 37 Ala. 306.

SOMERVILLE, J.—We think the plea of former recovery in this case was good, and the demurrer to it should have been overruled. The whole matter of controversy was *res adjudicata*, having been previously determined by the judgment of a justice's court in the county of Montgomery. The two suits were between the same parties, in the same right or capacity, and the subject-matter of controversy (the rent of certain lands owned by the plaintiff and which were leased by the defendant), was the same in each suit. The justice court was a tribunal of competent jurisdiction, and the attachment suit instituted before it, for the identical cause of action here brought, terminated in a regular judgment on the merits. This involved the concurrence of every element of fact necessary to constitute a case of *res adjudicata*.—Freeman on Judgments, §§ 252, 256, 263; *Hamner v. Pounds*, 57 Ala. 348; *S. & N. R. R. v. Henlein*, 56 Ala. 368.

It can not be successfully urged that the justice's court was without jurisdiction. The allegation of the plea is that the defendant made an appearance and the justice rendered judgment against him for the sum of one hundred dollars, besides costs. Our decisions have been uniform in holding, that, in an action of this nature on a contract, and in actions on accounts, the plaintiff may before, or at the time of the rendition of judgment remit the excess of his demand over and above the sum for which the justice is authorized to render judgment, so as to bring the case within his jurisdiction.—2 Brick. Dig. p. 175, § 17, and cases cited. This principle has no application, however, to actions for the recovery of specific property.—*Carter v. Alford*, 64 Ala. 236. The obtaining of the judgment before the justice of the peace in Montgomery county for the sum of one hundred dollars was a voluntary *remittitur* by the plaintiff of the balance of his demand beyond this amount.— *Whorton v. King*, at present term—(see *post*, p. 365.)

We can not see that the case is varied by the fact that the attachment before the justice was sued out after the commence-

[Wharton v. King.]

ment of this action, and could have been abated for this reason at the option of the defendant. It is a sufficient answer to this view, that the defendant did not elect to interpose such a plea, so far as the record shows, and the plaintiff did elect to prosecute his suit to judgment in a forum of his own choosing. It is a sound public policy, having in view the tranquility of society, which forbids a plaintiff to twice vex a defendant for the same cause of action. *Nemo debet bis vexari, si constat quod sit pro una et eadem causa.*

The Circuit Court erred in sustaining the demurrer, and for this reason its judgment is reversed, and the cause is remanded.