HYNDS v. FAY BROS. & CO. ET AL.

1. **Justices' Courts**: JURISDICTION: MORE THAN $100: REDUCTION BY PETITION FILED AFTER DEMURRER: APPEARANCE. Where in an action before a justice of the peace the notice claims more than $100, the justice has no jurisdiction, and he is not given jurisdiction by the filing of a petition, after a demurrer to the jurisdiction has been filed, claiming less than $100. Nor does the appearance of the defendant, in such a case, to object to the jurisdiction, confer jurisdiction on the court.

*Appeal from the Superior Court of Cedar Rapids.*

SATURDAY, DECEMBER 18.

This action was brought before a justice of the peace to recover the possession of personal property alleged to be worth $19 dollars, and to recover $94 damages for the wrongful detention of the same. The justice issued a notice in the usual form, and the defendants filed a demurrer upon the ground that the justice had no jurisdiction. Before the time set for trial the plaintiff filed a petition, claiming the possession of the property, and $75 as damages. The justice, however, sustained the demurrer, and dismissed the case. On writ of error, the superior court affirmed the ruling of the justice, and the plaintiff appeals.

*J. F. Rice* and *Geo. W. Wilson*, for appellant.

*J. C. Leonard* and *J. A. Reed*, for appellee.

ADAMS, CH. J.—The case comes to us upon a certificate. In it the court sets out, in substance, the facts above stated, and the question is whether, under the circumstances, the plea to the jurisdiction of the justice was properly sustained. In answering the question, we have to say that we think it was. Where the notice, as in this case, shows that the claim is for more than $100, and that the justice has no jurisdiction of the subject-matter, the defendant might properly disregard it. Nothing could be done by the plaintiff after-

wards, in that action, by which the justice could acquire jurisdiction. It is true, another notice might be served of a different character, and of a kind which would give the court jurisdiction, but that would be virtually the commencing of a new action.

The fact that the defendants appeared in this case, and demurred to the jurisdiction, did not give the court jurisdiction. The *status* of the case was not changed. The court should have taken notice, of its own motion, that he had no jurisdiction, and dismissed the case. Appearance never confers jurisdiction, where the subject-matter is not within the jurisdiction of the court. Nor could the plaintiff, in this case, properly claim that he subsequently gave the court jurisdiction of the subject-matter by the petition subsequently filed, and that the court had already jurisdiction of the person by appearance, because the appearance was made when the court lacked jurisdiction of the subject-matter, and when, virtually, there was nothing before the court.

We think that the case was rightly dismissed.

AFFIRMED.