# Bolin *v.* Sandlin.

### *Certiorari to Vacate Judgment.*

1. *Judgment of justice; when not void.*—Technical accuracy in proceedings before a justice of the peace is not required. Hence, a judgment which reads, "After hearing all the evidence and statement in the above cause, the court gives judgment against the defendant and in favor of the plaintiff for $40, or the mare in good condition," is not void on its face.

2. *Jurisdiction; want of in justice court must appear on the face of the proceedings.*—Where the question of want of jurisdiction in a justice to render a judgment is raised in proceedings by common law certiorari to vacate the judgment, the want of jurisdiction must appear upon the face of the proceedings filed by the justice in the circuit court in response to the writ of certiorari; the allegations of the petition for certiorari are not competent to be considered for the purpose.

3. *Query:* Whether or not the appearance of a defendant in a cause before a justice of the peace on the day the cause is set for trial, and his failure to interpose objection to the jurisdiction of the justice, precludes him from afterwards raising that question in the circuit court.

APPEAL from Lamar Circuit Court.

Tried before Hon. S. H. SPROTT.

Common law certiorari by Robert H. Bolin to annul

[Bolin v. Sandlin.]

a judgment rendered against him in favor of Catherine Sandlin in justice court.

The facts appear in the opinion.

NESMITH & NESMITH, for appellant, cited, on the question of jurisdiction, 90 Ala. 482; 98 Ala. 461; 102 Ala. 475.

W. A. YOUNG, *contra*.—In this case the errors complained of would have to be proven by evidence *de hors* the record; and parol proof is not admissible.—*Gray v. So. Ry.*, 116 Ala. 654; *Tuscott v. Roden*, 112 Ala. 632; *A. G. S. R. R. Co. v. Christian*, 82 Ala. 307. (2). In the absence of proof the presumption is that jurisdiction properly attached.—*Boynton v. State*, 77 Ala. 29; 98 Ala. 157.

HARALSON, J.—1. This case originated before a justice of the peace, in which the appellee, the plaintiff, sued the appellant, the defendant below, to recover in detinue a gray mare. The defendant replevied the animal. On the trial, the justice rendered a judgment in favor of the plaintiff, in these words: "Nov. 26, 1898. After hearing all the evidence and statement in the above cause, the court gives judgment against the defendant and in favor of the plaintiff for $40, or the mare in good condition." This judgment is informal and not as perfectly rendered as, presumably, it would have been rendered by a circuit court. Technical accuracy in proceedings before a justice of the peace is not required, for the reason that they are not, generally, skilled in legal matters. Retaining no more than is fairly in the judgment it may, by liberality of construction be paraphrased to read,—"The court gives judgment against the defendant for the mare, to be restored to the plaintiff in good condition, or in default thereof, for $40 in favor of plaintiff." The defendant had given a replevy bond for the forthcoming of the animal, or pay all costs and damages for the wrongful detention. The court below was not in error, therefore, in holding that the judgment was not void on its face. It perhaps contains enough for a correction *nunc pro tunc*, on proper proceedings for the purpose, if that were desirable,

[Wellman v. Jones.]

2. The objections raised to the want of jurisdiction in the justice who tried the case and rendered the judgment, are of no avail. This lack of jurisdiction, if it existed, does not appear upon the face of the proceedings, filed by the justice in the circuit court, in response to the writ of *certiorari*. It could only be gathered, if at all, from the allegations of the petition, not competent to be considered for that purpose. The court was shut up, in rendering its judgment, to what appeared on the face of the proceedings.—*Gray v. S. R. Co.*, 116 Ala. 654; *I. P. Co. v. A. Press Asso.*, 102 Ala. 475, 492.

3. It appears from the proceedings, that the defendant appeared before the justice, on the day the case was set for trial, and it does not appear, he interposed any objection to the jurisdiction of the justice. It may be, on this account, though we deem it unnecessary to decide the question, that he is thereby precluded from afterwards raising that question in the circuit court. We refer to the cases of *L. & N. R. Co. v. Barker*, 96 Ala. 435; *Gray v. S. R. Co.*, *supra*.

The court below refused to quash the writ and affirmed the judgment of the justice of the peace, in which we find no error.

Affirmed.