# Webb & Stagg *v.* McPherson & Co.

*Attachment Suit.*

1. *Attachment insufficient; affidavit, writ and bond can be amended* Any irregularity or defect of form, or of substance in an affidavit for an attachment in the bond or writ of attachment, may, under provisions of the statute, (Code § 564) be amended before or during the trial.

2. *Justice of the peace; amendment of claim so as to bring it within the jurisdiction of justice.*—In a civil suit brought before a justice of the peace, the plaintiff may, at any time before or at the time of the rendition of judgment remit the excess of his demand over and above the sum for which justice is authorized to render judgment, so as to bring the case within his jurisdiction.

3. *Justice of the peace; want of jurisdiction must appear in face of proceedings on appeal.*—Where the question of the want of jurisdiction in a justice of the peace to render a judgment, is raised in the circuit court in proceedings by common law certiorari to vacate the judgment, the want of jurisdiction must appear upon the face of the proceedings filed by the justice in the circuit court in response to the writ of certiorari; and in

[Webb & Stagg v. McPherson & Co.]

said circuit court it cannot be shown that the record recitals certified by the justice were not true.

4. *Justice of the peace; common law certiorari; judgment cannot be rendered against sureties on certiorari bonds.*—The statute which provides that when on certiorari the judgment is affirmed, judgment must be rendered against the sureties on the certiorari bond, as well as the principal (Code § 493), applied exclusively to statutory certiorari; and when a bond is given for common law writ of certiorari, to bring up to the circuit court, the proceedings before a justice of the peace, upon the affirmance of the judgment, it is error to render judgment against the surety on the certiorari bond.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. J. A. BILBRO.

The facts of the case are sufficiently stated in the opinion.

M. L. WARD, for appellant.—Cited *Publishing Co. v. Press Association,* 102 Ala. 475; *Railroad Co. v. Christian,* 82 Ala. 307; *Railroad Co. v. Brannum,* 96 Ala. 461.

EMERY C. HALL, *contra.*—Cited *Davis v. Bedsole,* 69 Ala. 362-364; *Whorton v. King,* 69 Ala. 365; *Gray v. Southern Ry. Co.,* 116 Ala. 654-655; *Guscott v. Roden,* 112 Ala. 632-636; *Bolin v. Sandlin,* 124 Ala. 578-580.

HARALSON, J.—On the 12th of June, 1902, McPherson & Company commenced a suit by attachment before a justice of the peace against Webb & Stagg, alleging in the affidavit that the defendant was justly indebted to them in the sum of $108.80.   The writ was executed by levying it on 10,000 feet of lumber.

The 18th of June was set by the justice for the trial of the cause.   On that day, as appears by the return of the justice, the defendants came, and filed an answer to the complaint; set up that the attachment had been issued for the sum of $108.80; that the record shows that said sum was the amount involved in the cause, and the court had no jurisdiction when the amount involved exceeds $100.00, and prayed that the suit be dismissed. They also pleaded that they had no notice as required by

law, and prayed that the suit be abated on that account. This plea recited, as did the other, "comes the defendant and for answer to the complaint says."

On the 12th of June, 1902, the day the attachment was sued out, there appearing to be a defect in the first affidavit, another and amended affidavit appears to have been made, covering the deficiency in the first, and stating that the sum that the defendants were indebted to plaintiffs was $100.00, after allowing all offsets and discounts. The attachment writ and bond were also correspondingly amended, the amendments appearing in the form of new affidavit, writ and bond. This was allowable.—Code, § 564; *Savage v. Atkins,* 124 Ala. 378. The plaintiff filed this complaint in the justices' court, claiming $100.00 on an account stated, and for the same amount for goods sold and delivered.

On the day of trial,—18th of June, 1902,—the justice rendered judgment against defendants for $100.00 and $6.50 costs. The judgment entry recites, that "this day came the plaintiff and the defendant,  *   *   *  and on this day the plaintiff files his complaint in this court, upon an account claiming one hundred dollars as the amount due, and remitting in open court the excess over that sum due from the defendants. It is therefore considered by the court, upon the proof submitted, that the plaintiff have and recover of the defendants the sum' of one hundred dollars, the amount so claimed in the complaint, together with the costs of $6.50 in this beha'f expended for which let execution issue." The property levied on was condemned to be sold for the satisfaction of the judgment.

We have uniformly held, that in an action of this nature, the plaintiff may before, or at the time of rendition of judgment, remit the excess of his demand over and above the sum for which the justice is authorized to render judgment, so as to bring the case within his jurisdiction.—*Davis v. Bedsole,* 69 Ala. 364; *Wharton v. King,* Ib. 365; 2 Brick. Dig. p. 175, § 17.

On the 21st of June, 1902, the defendants filed a petition for a common law writ of certiorari in the circuit court of Blount county, which being presented to the

judge of the circuit court of that circuit, was granted upon petitioners entering into bond in the sum of $250.00. The cause was tried in the circuit court on the 8th of May, 1903, and that court rendered judgment affirming the judgment of the justices' court, and rendering judgment against defendants, and the sureties on the certiorari bond.

During the progress of the trial, for the purpo e of contradicting the recitals of the judgment entry before the justice of the peace, the petitioners offered to show that there was no appearance made in the case, except as shown by the written pleas. They offered further to prove that no papers were filed at the time of the trial except the one describing the debt to be $108.80; that no other papers were filed or were in said justice's court, at this time, and that no other appearances were made by defendants except that shown by said paper, and petitioners never saw the papers describing the debt as being $100.00, until they were in the circuit court. Exceptions to this evidence was sustained, and in this there was no error. The court was shut up in rendering judgment, to what appeared on the face of the proceedings, and could not permit it to be shown that the record recitals of the inferior court, when the judgment was rendered, were not true.—*Independent P. Co. v. A. P. Association*, 102 Ala. 476; *Gray v. Sou. Ry. Co.*, 116 Ala. 654; *Bolin v. Sandlin*, 124 Ala. 578; *Town of Camden v. Bloch*, 65 Ala. 236.

The common law writ of certiorari is a common law proceeding, not provided for by statute. The only certiorari bond provided for by statute in this state, is under § 482 of the Code, which is a bond for a statutory certiorari. A bond for the writ at common law as a *supersedeas* was not necessary, unless made so by statute. It was discretionary with the court to issue the writ or not, and it was competent for the exercise of its discretion in granting it, to impose a bond for costs and the indemnification of the defendants in certiorari, as the terms on which the writ should be allowed. But any such bond was a common law and not a statutory bond.—4 Ency. Pl. & Pr. 184, 185; *Childress v. McGehee*, Minor, 131.

[Montague *et al. v.* International Trust Co.]

Section 493 of the Code, which directs, on the affirmance of the judgment, that one be rendered by the circuit court against the sureties as well as the principal in the certiorari bond, relates to statutory and not to common law certiorari.

There was error, therefore, in the judgment below, in so far as it was rendered against the sureties on the certiorari bond. For this the judgment will not be remanded, but the same will be here corrected, by annulling and setting it aside as to the sureties on said bond, and leaving it to stand against the defendants alone. As thus corrected, the judgment below is affirmed.

Corrected and affirmed.

McCLELLAN, C. J., DOWDELL and DENSON, J.J., concurring.