# Central of Ga. Ry. Co. v. Williams.

## Killing Stock.

(Decided June 30, 1909.   50 South. 328.)

1. *Jury; Trial by Court; Appeal from Justice Court.*—The provision of the Local Act of 1898-9, p. 197, regulating procedure in the Clay Circuit Court, have no reference to a cause appealed thereto from a justice court; as to such cause, section 4722, Code 1907, controls, and if the amount exceeds $20.00, the cause is properly tried by a jury.

2. *Justices of the Peace; Jurisdiction; Appeal; Amendment After.*—Jurisdiction of an appeal from a justice court to the circuit court is not lost by the latter court by an amendment to the complaint claiming more than $100, when made by the additional counts claiming "the further and additional sum of $100.00," although collectively, it exceeds the amount of the justice's jurisdiction, since the circuit court during the trial could cure this by allowing an amendment striking out the words, "further and additional" and thus render the complaint for the amount originally sued for in the justice court.

3. *Court; Jurisdiction; Remission of . Part of Claim.*—The remission of enough of the claim to bring it within the jurisdiction of the justice of the peace, is of common law origin and not statutory.

4. *Appeal and Error; Harmless Error; .Pleading.*—Where an appeal was taken from the justice court, and trial was had in the circuit court, .de novo on a substantially new complaint, this court will not pass on the sufficiency of the complaint in the justice court.

5. *Same.*—Where a cause is tried on a plea putting in issue the same matter, no injury resulted from the sustaining of a demurrer to another similar plea.

6. *Same; Review; Objection; Grounds.*—The Supreme Court will not consider questions of pleading in a justice court to which no objection is taken.

7. *Limitation of Action; Commencement; Amendment.*—Where none of the counts as amended in the circuit court set up a new or different cause of action from that originally brought in the justice court, they relate back to the beginning of the suit in the justice court, and if that is brought in time, the statute of limitation has no application.

8. *Railroads; Operation; Injury to Stock; Complaint.*—It is not necessary, in an action for killing stock, to allege specifically that the trainmen were at the time acting within the scope of their authority; this fact may be inferred from other facts well pleaded and is clearly not necessary where it is alleged that the defendant did wrongfully act by and through its servants.

9. *Same; Presumptions and Burden of Proof.*—Where the evidence shows conclusively that stock was killed by a train of defendant, at one of the places specified in section 5473, Code 1907, section 5476, puts the burden on defendant to acquit itself of negligence.

[Central of Ga. Ry. Co. v. Williams.]

APPEAL from Clay Circuit Court.

Heard before Hon. JOHN PELHAM.

A. J. Williams sued the Central of Georgia Railway Company, first in the justice court, for killing a mule. There was a judgment there for plaintiff, and defendant appealed to the circuit court, where judgment was also rendered for plaintiff, and defendant brings this appeal. Affirmed.

LACKEY & BRIDGES, and D. H. RIDDLE, for appellant. —This case was not properly triable by jury.—Local Acts 1898-9, p. 196. The court erred in permitting the amendment striking from the complaint, the words, "further and additional" in order to give it jurisdiction. —12 A. & E. Ency. of Law, 183; 3 Mayf. 1194. The court erred in overruling demurrer to the 4th count of the complaint.—*Mayer v. Building Co.,* 116 Ala. 634; 4 Mayf. 140. The amendment set up a new cause of action, and was barred by the statute of limitation.—*C. of Ga. Ry. Co. v. Freeman,* 45 South. 898. For this same reason the court should have given the affirmative charge.

WHATLEY & CORNELIUS, for appellee.—The cause was properly triable by jury. Under the particular facts in this case, the Local Acts have no application, and the cause is governed by the provisions of the Code.—*A. M. R. R. Co. v. Thompson,* 134 Ala. 232. The court did not err in permitting the amendment objected to.—Chitty's Pleading, p. 413; Ib. 725; *Bryant v. Southern Ry Co.,* 137 Ala. 488. The court did not err in overruling demurrer to 4th count.—*E. T. V. & G. v. Watson,* 90 Ala. 41; *Western v. Lazarus,* 88 Ala. 456; *L. & N. v. Thompson,* 62 Ala. 499. It was shown that the stock was killed at one of the places mentioned in the Code and the burden was on the defendant to acquit itself of negligence.

MAYFIELD, J.—The· appellant states his case as made on appeal as follows: This is an action on the case, begun in justice court by appellee, as plaintiff, to recover of appellant, as defendant, the sum of $100 for negligently killing plaintiff's mule, a colt. There were two counts in the complaint in justice court, and in the circuit court plaintiff filed five additional counts to the complaint. In each count thus added by amendment the plaintiff claimed "the further and additional sum" of $100. The defendant moved to dismiss the suit because the complaint as amended claimed more than the justice court had jurisdiction of, and that the circuit court did not have jurisdiction on appeal. Before the motion to dismiss was ruled on, over the defendant's objection, the court permitted the plaintiff to strike out the words, in each count of the complaint as amended, "further and additional," and the defendant excepted to the court's allowing this amendment before the trial was entered upon in the circuit court. The defendant moved the court to transfer the cause from the jury to the non-jury docket; the cause having been appealed from the justice court to the circuit court, and no jury having been demanded. The court overruled this motion, and over defendant's objection put it to trial before a jury, and to this ruling of the court defendant excepted. The court overruled defendant's demurrers to the various counts of plaintiff's complaint, and it assigns as error the court's ruling in overruling demurrers to the fourth count of the complaint. The plaintiff demurred to the defendant's pleas, and the sustaining of the demurrers to plea 4 is assigned as error, and the refusing to give the affirmative charge for the defendant is assigned as error. There was a jury, and verdict for plaintiff for $100 and costs, and the defendant appeals.

The trial court properly declined to transfer the case to the non-jury docket and to try the cause without a.

jury. Loc. Acts 1898-99, p. 196, §§ 4, 5, regulating the practice and procedure in the circuit court of Clay county pertaining to the demands and waiver of jury and non-jury trials, relate solely (by letter and spirit) to "civil cases begun in the circuit court." This does not include actions or causes removed to the circuit court by appeal from inferior courts. As to such cases section 4722 of the Code of 1907 controls. The amount sued for exceeding $20, the case was properly tried by a jury, and defendant had no right to demand a trial of the facts by the court.

There is nothing in the contention of appellant that the circuit court had no jurisdiction because of the additional counts added in the circuit court by amendment, because, taken collectively with the original counts, the complaint claimed $700 or $800, in excess of the jurisdiction of the justice of the peace court. The justice court had jurisdiction, and rendered judgment against defendant, from which it appealed to the circuit court; and jurisdiction was thus acquired by the defendant's own appeal, and upon its own petition, if lost or destroyed, by adding to the complaint additional counts which, not singly, but collectively, exceeded the jurisdiction of justice courts; the trial court certainly could, during the trial, cure this by allowing another amendment by striking out of said counts the words or phrase "the further and additional," where the same occurred, so as to show that each count claimed for but one and the same injury and one and the same cause of action, which was the same as originally sued on in the justice court. It would be strange logic and a strange practice if the amendment destroyed the jurisdiction acquired by the appeal, and the court could during the trial correct this error by a proper amendment, which could have been made in the first instance.

If the contention of appellant is correct, that the effect of the amendment was to make the complaint claim .$700 or $800—that is, that each additional count claimed an additional $100—then the amendment, by adding the additional counts, was not allowable, because it would be a departure, and also because it would exceed the jurisdiction of justice of peace courts. Surely the plaintiff should have been allowed to correct this error during the trial and before a verdict. However, the last amendment, by striking out such phrases, was wholly unnecessary. It could neither benefit plaintiff nor injure the defendant. Each count of the complaint clearly claimed but one and the same $100 for but one and the same injury, and was based upon but one and the same cause of action. If each had been based upon a separate and distinct cause of action, there might be some force in appellant's contention; but such was not the case. Counsel for appellant contends, to quote his exact language: "A plaintiff could not before the statute remit a part of his claim, even before suit was brought, to give the court jurisdiction.—Am. & Eng. Ency. Law (1st Ed.) vol. 12, p. 183. And under the statute (the Code of 1907) plaintiff is allowed to remit enough of his claim to bring it within the jurisdiction of the court, but this has to be done before suit is brought." If counsel's assertion was true, we cannot see how it could aid him on this appeal; but we cannot agree with him that there is such a statute in the present Code, or that there has ever been such a statute in any of the previous Codes of this state. The law of remittur referred to by counsel is common, and not statutory. It has often been announced in the decisions of this court, extending over a period of 70 years.

It is unnecessary to here pass upon the sufficiency of the counts filed in the justice court, because the defend-

ant appealed from that judgment and a trial de novo was had in the circuit court on a practically new complaint filed therein, and this appeal is from the judgment of the circuit court, and we cannot here consider questions of pleadings in the justice court as to which no objections were there taken. The complaint filed in the circuit court and each count thereof was sufficient, and was not ill of any of the complaints assigned by demurrer or urged in brief of appellant. It was not necessary to allege specifically that the agents or servants in charge of the train that killed the mule in question were, at the time of committing the wrong complained of, acting within the line and scope of their authority. This may be inferred from other facts well pleaded. In this instant case it was clearly not necessary, because it alleged that the defendant did the wrongful act complained of by and through its agents or servants.

· No one of the counts attempted to set up or declare on a new cause of action. They all declared on the same cause of action, based on but one and the same transaction, to wit, the killing of one mule; hence each relate back to the beginning of the original action in the justice court, and, as that was brought within a year, there could be no question as to the statute of limitations of one year being a bar to either count of the complaint, whether it be in trespass or case. No injury could have been done appellant by sustaining a demurrer to plea No. 4. It was a good plea, and this is the most that appellant could claim. It was only good as a plea of statute of limitations of one year, and this is all it could have been intended for. The case was tried on plea No. 5 as one of the issues, and it was in the form prescribed by law. It put in issue all matter that plea 4 could have done, so no possible injury could have resulted to defendant by sustaining demurrer to plea 4.

[Sullivan Timber Co. v. Louisville & Nashville R. R. Co.]

The evidence conclusively showed that plaintiff's mule was killed by the defendant's train, at one of the places specified in section 5473 (3440) of the Code of 1907, within a year before the commencement of the action, and within the jurisdiction of the court. The burden of proof was, therefore, by virtue of the statute (section 5476 (3443)), upon the defendant to acquit itself of all negligence on the part of itself and its agents. To say the very most of the evidence that can be said of it in favor of defendant, it was clearly and certainly a question for the jury to say whether or not it discharged this burden. The jury found that issue against the defendant, after it had been fairly submitted to them, and we do not see that there was any reversible error in their finding, or in the verdict or judgment based thereon. It follows that the trial court properly declined to give these charges requested by the defendant, which were the general affirmative charges in its favor.

Finding no error, the judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.