149 So. 720

## DAVIS v. JERRELL.

### 6 Div. 412.

Court of Appeals of Alabama.

Sept. 12, 1933.

Jim Davis, of Birmingham, for appellant.

A. Leo Oberdorfer and E. M. Zeidman, both of Birmingham, for appellee.

BRICKEN, Presiding Judge.

The Jefferson county court of common claims was created by a general act of the Legislature in 1931. Acts 1931, p. 621. Section 2 of said act (page 622) reads as follows: "Such courts shall have and exercise in their respective counties concurrently with the Circuit Court jurisdiction in civil cases where the amount involved exceeds the sum of One Hundred ($100.00) dollars and does not exceed the sum of $500.00."

Appellant filed suit against the appellee, claiming $500 on an account stated between plaintiff and defendant on to wit, the 1st day of May, 1932, which sum of money, with interest thereon, is now due and unpaid. The suit was filed on August 5, 1932. The defendant appeared specially for the purpose of filing a motion to quash the summons and complaint. The bill of exceptions recites that the court having intimated that the motion would be sustained and the cause dismissed, plaintiff asked leave of the court to be allowed to amend his complaint so as to reduce the amount claimed to $500, thereby bringing the cause within the jurisdiction of the court. The court stated that the complaint of the plaintiff could not be amended, as the court had no jurisdiction of the cause. Plaintiff then and there, in open court, immediately, before ruling was had on the motion to quash or the cause dismissed, tendered to the clerk, then present in court, a paper asking leave of the court to amend his complaint so as to claim only $500 from the defendant. The court then and there stated to counsel for plaintiff, in open court, that he could not allow such amendment, nor would he allow the clerk to mark said petition or request to amend the complaint filed. Counsel for plaintiff then

requested that he allow the clerk to mark said paper, that is to say, the writing asking leave of the court to amend, "filed," so as to have same on file, and the court then and there reached out and took said petition, or request for amendment, and wrote on the back thereof, "Leave to file denied. Signed E. N. Hamill, Judge, 9/22/32," signing his name as judge of said court on the 22d day of September, 1932; said notation on the back thereof appearing as above set out. Counsel for plaintiff then and there, in open court, asked for a nonsuit with a bill of exceptions, which was granted by said judge.

The appellant assigns as error in this court that the court erred in not allowing plaintiff to amend his complaint so as to reduce the amount to $500.

The complaint shows on its face, and plaintiff's offer to amend was a confession, that as originally filed the suit was for an amount in excess of the jurisdiction of the court. It is the appellant's contention that, when he was met with a special appearance that challenged the jurisdiction of the court, he had the right to cure the objection to jurisdiction by an amendment.

We are of the opinion that the demand for a judgment is the test of jurisdiction, and where such demand exceeded $500, the court below was without any jurisdiction whatever in the premises; the court being expressly limited in its power to exercise jurisdiction only in an amount provided by the law of its creation.

We are unable to see how the court could acquire jurisdiction of a suit by amendment when it had no jurisdiction before amendment. The court had no more jurisdiction to allow an amendment than it did to render judgment for the amount claimed.

In support of the foregoing the following authorities appear to be conclusive.

In the case of McIntyre v. Carriere, 17 Hun (N. Y.) 64, it is said: "The difference in the present case is that the summons itself showed a want of jurisdiction. And it is difficult, therefore, to see how the court could acquire jurisdiction of a suit by an amendment, when it had no jurisdiction before the amendment. * * * This is not the case of a voluntary appearance, by which the court acquires jurisdiction without the service of process. Here the defendant was brought in compulsorily, and did not waive any of his rights; and, therefore, jurisdiction was acquired, if at all, only by the amendment of the process. And the court had no jurisdiction of the action, at the time it made the amendment; therefore the court had no power to amend."

In Pierson v. Hughes (Sup.) 88 N. Y. S. 1059, 1060, it is said: "It follows that, since the amount claimed exceeded $500, the Municipal Court never acquired jurisdiction * * * and consequently had no authority to amend the complaint or to take any action in the cause."

In the case of Gigliotti v. Jacksina, 206 App. Div. 368, 201 N. Y. S. 241, 242, it is said: "The test as to jurisdiction in said actions depend upon the language used in the limitation. As already pointed out, in county courts the test is the amount demanded in the complaint. Where the summons is served with a complaint which demands judgment in excess of $2000.00, the county court has no jurisdiction and no power to allow the plaintiff to amend by reducing the amount of damages demanded to $2000.00 (citing cases), and this is true although the excess may be a demand for interest."

In Seaboard Air Line R. Co. v. Ray, 52 Fla. 634, 42 So. 714, 716, it is said: "It is clear that the demand made by the declaration in this case is in such terms that proofs can be made to any amount not exceeding $125, and this excludes the jurisdiction of the county judge. The fact that a judgment was actually entered for an amount within the jurisdiction of the county judge cannot have the effect of giving jurisdiction retrospectively, when none existed, to entertain the cause of action as stated in the declaration. A court having apparent jurisdiction of an action as begun may dismiss it afterwards, if it appears that the amount actually demanded or involved is less than the necessary jurisdictional amount, and that the amount demanded in the declaration or complaint which gave apparent jurisdiction could not have been claimed in good faith. But, where the amount demanded on the face of the record is in excess of the amount of which the court has jurisdiction, no jurisdiction attaches, and the only proper order is a dismissal. Brown v. Braun, 9 Ariz. 254, 80 P. 323; 6 Current Law, 334. In this case the judgment entered was for an amount within the jurisdiction of the county judge; but, as the cause of action stated in the declaration was not within his jurisdiction, the entry of any judgment upon the merits of the cause is void for want of jurisdiction. Gillett & Jennison v. Richards, 46 Iowa, 652. The appearance of the defendant by demurrer would give jurisdiction of the person, but it could not give the county judge jurisdiction of a subject-matter in excess of the amount limited by the Constitution."

For these reasons we are of the opinion that the judge below correctly decided this case.

Affirmed.