156 So. 843

BROYLES v. LOVEMAN, JOSEPH & LOEB.

6. Div. 586.

Supreme Court of Alabama.

Oct. 11, 1934.

Walter S. Smith, of Birmingham, for appellant.

Benj. Leader, John D. Hill, and George Siedman, all of Birmingham, for appellee.

GARDNER, Justice.

The suit was on account for merchandise sold, and we conclude from the pleadings and charge of the court (there is no bill of exceptions) that the defense was the debt was not defendant's but that of her husband. There were verdict and judgment for plaintiff, and defendant appeals.

The complaint appears to have been twice amended, first by adding count two, and lastly by the addition of count three. Appellee insists the cause was tried upon count three, and that demurrer was sustained as to counts one and two. The judgment entry is meager and uncertain. It discloses an amendment of the complaint by separate paper filed on the day of trial, and that defendant refiled demurrer to the complaint as amended. The last amendment was as to count three, and we think the judgment entry that the demurrers were overruled is properly to be interpreted as having reference to count three. In any event, the record fails to disclose a judgment overruling demurrers to counts one and two, and their sufficiency is not here presented for review. Central of Georgia Ry. Co. v. Hingson, 186 Ala. 40, 65 So. 45. Count three was in Code form, and sufficient. The court's jurisdiction was limited to $500. Davis v. Jerrell, 25 Ala. App. 524, 149 So. 720. Not only was the judgment below this limitation, but the sum claimed in the complaint was a like amount.

The plaintiff claimed the same debt in each count, but merely stated the claim in varying forms. Alabama Consolidated Coal & Iron Co. v. Heald, 154 Ala. 580, 45 So. 686.

The Davis Case, supra, cited by appellant, is not in point upon the facts, as the holding there was that the complaint disclosed upon its face that the sum claimed was in excess of the court's jurisdiction. Here no such situation is presented, as the amount claimed was not in excess of the jurisdiction of the court.

Considering the questions argued by appellant, we find no cause for a reversal of the judgment, and it will accordingly be here affirmed.

The petition for alternative writ of mandamus is based upon the theory the court had no jurisdiction, and will be denied.

Mandamus denied.

Affirmed.

ANDERSON, C. J., and BOULDIN and THOMAS, JJ., concur.