190 So. 297

## MOFFATT v. CASSIMUS et al.
### 6 Div. 378.

Court of Appeals of Alabama.

Feb. 7, 1939.

Rehearing Denied April 18, 1939.

Reversed on Mandate June 30, 1939.

Amzi G. Barber and Hugh Barber, both of Birmingham, for appellant.

Vassar L. Allen, of Birmingham, for appellees.

SAMFORD, Judge.

The suit in this case was begun by summons and complaint against the defendant claiming $260 plus $100 as attorney's fee as is provided in the note sued on.

It is admitted that the amount claimed in the complaint is in excess of the jurisdiction of the Intermediate Court of Jefferson County, in which court the suit was brought.

The cause coming on for trial on the 6th day of June, 1938, on the complaint as originally filed in this cause, plaintiff, then and there, sought to file a remittitur reducing the amount claimed in the complaint to an amount within the jurisdiction of the court. The court, then and there, disallowed the filing of said remittitur. Thereupon, the court entered a judgment dismissing this cause for want of jurisdiction, taxing cost of court against plaintiff, to which judgment the plaintiff, then and there, duly and legally excepted.

There is but one main question presented by the various assignments of error; and that is: May a plaintiff after having filed a suit, claiming amount in excess of the jurisdiction of the court, in which the suit is filed, so amend his complaint by entering a remittitur in such amount as to reduce the claim to an amount within the jurisdiction of the court?

There is a marked distinction in this State between jurisdiction of the person and jurisdiction of the subject matter, and in personal actions depends upon two elements: The subject matter to be adjudged; and the presence in court of the parties whose rights are to be affected by the judgment. In respect of subject matter the court acquires jurisdiction by the act of its creation. Lamar v. Commissioners' Court, 21 Ala. 772. By jurisdiction over the subject matter is meant the nature of the cause of action and of the relief sought; that is, in a court of limited jurisdiction the amount which it is authorized to enter judgment. Cooper v. Reynolds, 10 Wall. 308, 316, 19 L.Ed. 931; Woolf v. McGaugh, 175 Ala. 299, 57 So. 754.

When it is jurisdiction of the person, a failure to bring the parties into court by proper process may be waived either by direct or implied waiver.

Consent, however, cannot confer jurisdiction of the subject matter, for that is derived from the law. As was said by Brickell, Chief Justice, in Ex parte Rice, 102 Ala. 671, 15 So. 450, 451: "There is a wide difference between conferring jurisdiction by consent and consenting to something within the power of the court deemed promotive of the convenience of the parties." It is further recognized in the case of Woolf v. McGaugh, 175 Ala. 299, at page 306, 57 So. 754, that is the duty of the court whenever it appears that its judgment is asked in a case, which it has no power to decide un-

584

der any circumstances, to repudiate the cause ex mero.

At the inception of this suit, as shown by the claim in the complaint, the court in which the suit was filed had no jurisdiction. It, therefore, had no power to allow an amendment conferring jurisdiction, since that in itself would be an exercise of such jurisdiction. 15 C.J. 854; Holton v. Holton, 64 Or. 290, 129 P. 532, 48 L.R.A.,N.S., 779; Roy v. Phelps, 83 Vt. 174, 75 A. 13; McIntyre v. Carriere, 17 Hun, N.Y., 64; Hynds v. Fay Bros., 70 Iowa 433, 30 N.W. 683.

The foregoing rule is recognized in England in the case of Hodgson v. Bell, L.R. 24 Q.B., Div. 525; wherein it is held that payment of a part of a claim in order to reduce the amount below one hundred pounds so that the action can be sent from the high court to the county court must be made before the action was commenced.

The fact that payments had been made to the plaintiff subsequent to the bringing of the suit would not alter the case. The status of the parties is fixed at the beginning of the suit, and, under the Statute, all amendments relating thereto. We hold, therefore, that the trial court was without jurisdiction to allow an amendment in a suit wherein it had no jurisdiction of the subject matter.

The judgment is affirmed.

Affirmed.

## On Remandment.

PER CURIAM.

The Statute, Code of 1923, Section 7318, provides that: "The decisions of the supreme court shall govern the holdings and decisions of the court of appeals, and the decisions and proceedings of such court of appeals shall be subject to the general superintendence and control of the supreme court as provided by section 140 of the constitution of the state." Therefore, in recognition of that Statute, this Court must reverse and remand the above styled case.

In so doing, however, we desire, without reflection, to set forth the reasons of the Court of Appeals for its original holdings.

The Act creating the Court of Common Pleas, in which this cause arose, provides; "but the Court shall not have jurisdiction in such cases where the amount in controversy exceeds $300.00."

This Court has already held in Davis v. Jerrell, 25 Ala.App. 524, 149 So. 720, that the Court of Common Claims of Jefferson County, Alabama, was without jurisdiction to allow amendment of complaint so as to reduce the amount claimed where demand for judgment in the complaint exceeded the jurisdictional amount. The above cited case was recognized as being the law by the Supreme Court of Alabama in Broyles v. Loveman, Joseph & Loeb, 229 Ala. 292, 156 So. 843.

It is generally held by a large number of courts of last resort that, where a plaintiff in his complaint demands a sum beyond the jurisdiction of court, no jurisdiction exists, and the case cannot be brought within the jurisdiction by reason of the fact that the sum actually due has been reduced by payments or credits to an amount within the jurisdiction, by a waiver on the part of plaintiff as a part of his demand.

The foregoing is held to be the law in Louisiana, Miss., N. Y., N. C., Pa., Texas, Ver., Wis., England and Ga. A list of the cases hereinabove cited may be found in 15 C.J. 777, Note 36.

Of course, the foregoing would not apply, unless the question was raised by appropriate pleading. Beginning with the case of Baird v. Nichols, 2 Port. 186, the Supreme Court of this State held: "The balance of an account for services rendered, reduced below fifty dollars, by credits, could be recovered by warrant from a Justice of the Peace."

In Davis v. Bedsole, 69 Ala. 362, the Court said: "We can not see that the case is varied by the fact that the attachment before the justice was sued out after the commencement of this action, and could have been abated for this reason at the option of the defendant. It is a sufficient answer to this view, that the defendant did not elect to interpose such a plea, so far as the record shows, and the plaintiff did elect to prosecute his suit to judgment in a forum of his own choosing."

In the case of Wharton v. King, 69 Ala. 365, the claim was for less than $100 and within the jurisdiction of the Justice Court; and hence, that case is not at all in point.

In the case of Webb & Stagg v. McPherson & Co., 142 Ala. 540, 38 So. 1009, while, the affidavit in attachment averred that the defendant was justly indebted to the plaintiff in the sum of $108.80, the

complaint originally claimed $100 and the amendment to the affidavit and bond was allowed at the time of trial.

In the case of Central of Georgia R. R. Co. v. Williams, 163 Ala. 119, 50 So. 328, the complaint originally was for $100, and such amendments as were made were in the Circuit Court on appeal from the Justice Court.

None of the cases above cited were in conflict with the general rule above stated. However, as we said in the beginning, the decisions of the Supreme Court are controlling, and the judgment in this case must be reversed and the cause must be remanded.

Reversed and remanded.