190 So. 299

# MOFFATT v. CASSIMUS et al.

### 6 Div. 511.

Supreme Court of Alabama.

June 1, 1939.

Barber & Barber, of Birmingham, for petitioner.

100

Vassar L. Allen, of Birmingham, opposed.

BROWN, Justice.

This is an action of assumpsit on three promissory notes, originating in the "Intermediate Civil Court of Birmingham" established by Act No. 363, approved September 7, 1935, Local Acts 1935, pp. 219, 227.

Section 2 of said Act provides: "That the court hereby established shall be a Court of Record and have and exercise civil jurisdiction in all civil matters of which justices of the peace and inferior courts in lieu of justices of the peace have jurisdiction under the general laws of the state, concurrently with the several justices of the peace and inferior courts in Jefferson County, *and, in addition thereto, the said court shall have jurisdiction concurrently with the circuit court in all civil cases where the amount in controversy exceeds the jurisdiction of justices of the peace but does not exceed the sum of Three Hundred Dollars ($300.00),* but the court shall not have jurisdiction in such cases where the amount in controversy exceeds Three Hundred Dollars, nor of actions of libel, slander, assault and battery, ejectment or actions in the nature of ejectment." Loc. Acts 1935, pp. 219, 220. [Italics supplied.]

The complaint filed in the inferior court claimed two hundred and sixty dollars, together with interest thereon due from the defendants on said three notes, and then averred: "And plaintiff further says that as a part of the consideration of each of said notes the defendants John Cassimus and Pete Derzis otherwise known as P. N. Derzis agreed to pay all costs of collecting said notes and in and about securing the same including a reasonable attorneys fee for collecting or attempting to collect or securing or attempting to secure said notes, which said *reasonable attorneys fee the plaintiff claims in the sum of towit:* One hundred dollars." [Italics supplied.]

The case remained on the docket for several months and was continued from time to time, and no objection to the court's jurisdiction was interposed by the defendants. On the day of the trial the plaintiff offered to file a remittitur of all sums claimed in excess of three hundred dollars, the inferior court refused to allow such remittitur filed, and ex mero motu dismissed the case for want of jurisdiction of the subject matter. The plaintiff thereupon filed a waiver of trial by jury and appeal to the circuit court, and appealed to the Court of Appeals, as authorized by the act creating said inferior court.—Local Acts 1935, p. 225, § 22. The Court of Appeals affirmed, and the plaintiff seeks review by certiorari:

■ "Since by the subject matter is meant the nature of the cause of action and of the relief sought jurisdiction thereof is acquired by the act creating the court." Woolf v. McGaugh, 175 Ala. 299, 57 So. 754.

■■ Therefore the court had jurisdiction of the action of assumpsit brought on said notes, and we have uniformly held, "that, in an action of this nature * * * the plaintiff may before, or at the time of the rendition of judgment remit the excess of his demand over and above the sum for which the justice is authorized to render judgment, so as to bring the case within his jurisdiction." Davis v. Bedsole, 69 Ala. 362, 363, 364; Wharton v. King, 69 Ala. 365; 2 Brick. Dig. p. 175, § 17; Webb & Stagg v. McPherson & Co., 142 Ala. 540, 38 So. 1009; Central of Georgia Ry. Co. v. Williams, 163 Ala. 119, 50 So. 328.

The Court of Appeals, therefore, erred in affirming the judgment of said inferior civil court of Birmingham.

The certiorari is therefore granted, the judgment of the Court of Appeals is reversed and the cause remanded to that court with directions to reverse and remand the cause for further proceedings in said inferior court.

Writ of certiorari granted. Reversed and remanded.

All Justices concur.