INSTRUMENTATION
ASSOCIATES, INC.

v.

MADSEN ELECTRONICS (CANADA) LTD., Audiology Associates, Inc., and Gordon Stowe and Associates, Inc.

Appeal of MADSEN ELECTRONICS (CANADA) LTD., Appellant.

No. 87–1683.

United States Court of Appeals, Third Circuit.

Argued April 12, 1988.

Decided Sept. 29, 1988.

**5**

Creed C. Black, Jr. (argued), Stephen D. Schutt, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for appellant.

Steven Kapustin (argued), Boroff, Harris & Heller, P.C., Plymouth Meeting, Pa., for appellee Instrumentation Associates, Inc.

Robert E. Welsh, Jr., Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for appellee Gordon Stowe and Associates, Inc.

Before HUTCHINSON, SCIRICA and GARTH, Circuit Judges.

## OPINION OF THE COURT

HUTCHINSON, Circuit Judge.

### I.

Madsen Electronics (Canada) Ltd. (Madsen) appeals from an order of the United States District Court for the Eastern District of Pennsylvania denying its motion to dismiss appellee Instrumentation Associates Inc.'s (Instrumentation's) action asserting wrongful termination of a distributorship agreement. Madsen's motion to dismiss was premised on a forum selection clause in the distributorship agreement.

The district court had subject matter jurisdiction over this diversity of citizenship action under 28 U.S.C.A. § 1332(a) (West Supp.1988). We have appellate jurisdiction over an appeal from an order refusing to enforce a forum selection clause as a collateral final order under 28 U.S.C.A. § 1291 (West Supp.1988), as an interlocutory appeal under 28 U.S.C.A. § 1292(a)(2) (West Supp.1988), and under the All Writs Act, 28 U.S.C.A. § 1251 (West 1966). *In re Diaz Contracting, Inc. v. Nanco Contracting Corp.*, 817 F.2d 1047 (3d Cir.1987). The enforceability of a forum selection clause is an issue of law, and our scope of review is plenary. *Id.* at 1055; *General Engineering Corp. v. Martin Marietta Alumina, Inc.*, 783 F.2d 352, 359 (3d Cir.1986).[1]

The district court denied Madsen's motion to dismiss because it found the reference in the forum selection clause to the "laws of Canada" as the law of choice for settling disputes "in connection with [the] agreement" ambiguous and hence unenforceable. In so doing, the court erred by deciding the validity of the contract's choice of law before considering the threshold question of whether the parties' contractual choice of a Canadian forum was enforceable under the conflict of laws principles embodied in *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Because we find that the forum selection clause would be enforced under the law of any jurisdiction which could be applied in this case, we will reverse the district court's order denying Madsen's motion to dismiss.

1. Other courts of appeals review the district court's decision for abuse of discretion. *See, e.g., Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 n. 4 (9th Cir. 1984). The difference is immaterial in this case. Under either standard the forum selection clause must be enforced on this record. As shown *infra*, no exceptional circumstance or strong policy against its enforcement is present in any jurisdiction whose law might apply. Accordingly, a refusal to enforce it would be an abuse of discretion.

## II.

Instrumentation is a Pennsylvania corporation with a place of business in Upper Darby, Pennsylvania. It is engaged in the business of selling audiological measuring devices. In August, 1984 it entered into a written agreement with Madsen, a Canadian audiological supply company with a place of business in Oakville, Ontario, Canada. The agreement gave Instrumentation an exclusive right to distribute Madsen products in Delaware, New Jersey, Pennsylvania and parts of New York and West Virginia.[2] Joint Appendix (Jt.App.) at 9. The agreement was for an initial one year term from August, 1984 until July, 1985 and provided for automatic annual renewal unless each party gave "at least three months written notice" of termination. Jt. App. at 10. On December 23, 1986 Madsen sent Instrumentation a written termination notice giving Instrumentation ninety days to settle outstanding accounts.

On April 29, 1987, after unsuccessful attempts to resolve the dispute, Instrumentation filed this action for breach of the agreement in the district court. Madsen filed a motion to dismiss the case based on the agreement's forum selection clause, which provided: "Matters of dispute in connection with this Agreement shall be settled by a Canadian Court of Justice in accordance with the laws of Canada." Jt. App. at 15.

## III.

In denying Madsen's motion to dismiss, the district court reasoned that the forum selection clause's reference to the "laws of Canada" was too ambiguous to enforce because the "laws of Canada" varied widely from province to province. Madsen alleged in its submissions that the "general rule of Canada" required the forum selection clause to be enforced. However, because Madsen offered no evidence of a uniformly recognized "general rule of Canada," the district court held that the entire clause, including its choice of forum, was unenforceable.[3] The agreement, however, purports not only to provide a choice of law, but also a choice of forum.

The district court should have resolved the preliminary issue of whether the parties' forum selection clause is enforceable before reaching the issue of whether the contract provision is ambiguous. This conflicts issue, in turn, requires a determination of what law is applicable.

## IV.

In choosing what law to apply to the issue of whether the parties' forum selection clause is enforceable, a district court sitting in diversity must first determine whether the issue is encompassed by a federal statute or Rule. *See Stewart Organization, Inc. v. Ricoh Corp.,* —— U.S. ——, 108 S.Ct. 2239, 2243, 101 L.Ed.2d 22 (1988) (holding validity of forum selection clause in diversity case must be determined under applicable federal statute 28 U.S.C. § 1404(a)).[4] If there is no applicable

---

2. From 1976 until August, 1984, Instrumentation distributed Madsen products pursuant to an oral agreement.

3. If we assume the applicable law differs from province to province under the Canadian federal system, as ours differs from state to state, the district court correctly held the agreement's choice of law provision was ambiguous. This assumption was apparently made without examining the conflicts law of Canada and if that necessary step is first taken, the assumption is incorrect. *See* Section V, *infra.*

4. After hearing oral argument in this case, we held it c.a.v. pending the Supreme Court's announcement of its decision in *Ricoh.* We are not in agreement with the parties that *Ricoh* does not govern this case. *Ricoh* involved the applica-

tion of a federal procedural statute, 28 U.S.C. § 1404(a). In *Ricoh,* the Supreme Court held that § 1404(a) governs a federal court's determination of whether to give effect to a forum selection clause and transfer a case to a different federal court. The Court did not address whether § 1404(a) applies when a forum selection clause calls for a forum beyond the geographical scope of that statute. In our case, no § 1404(a) application was filed and the motion to dismiss was premised on Fed.R.Civ.P. 12(b)(6). The forum selection clause before us calls for a Canadian forum which, by definition, is outside the limits of any "district or division" to which 28 U.S.C. § 1404(a) permits transfer. The parties do not contend that any other federal statute controls, such as 28 U.S.C. § 1406 permitting retention of venue in the court in which the action is pending in the "interest of

federal statute or Rule, the district court must next determine whether to apply federal judge-made law or state law. *See id.,* 108 S.Ct. at 2243 n. 6. In doing so, the district court must evaluate whether application of federal judge-made law would discourage forum shopping and avoid inequitable administration of the law. *Hanna v. Plumer,* 380 U.S. 460, 468, 85 S.Ct. 1136, 1142, 14 L.Ed.2d 8 (1965); *Erie,* 304 U.S. at 74–75, 58 S.Ct. at 820–821.

This Court has not yet decided what law a district court sitting in diversity must apply in deciding whether a forum selection clause is enforceable. We have decided that such clauses are enforceable in other contexts. *See Diaz,* 817 F.2d at 1050 (bankruptcy); *Martin Marietta,* 783 F.2d at 357 (dispute between residents of Virgin Islands).

Fortunately, we need not resolve this unanswered question of whether federal law, the law of the forum state, the law of Canada, or one of its provinces applies.[5] All of these jurisdictions look favorably on forum selection clauses. Thus, even assuming paragraph 21 of the contract is ambiguous as to choice of a particular jurisdiction, the judge-made law of all involved jurisdictions would honor the parties' choice of a Canadian forum for resolution of their disputes in connection with this distributorship agreement.

In this case, the choice narrows to Pennsylvania, Ontario and federal judge-made law.[6] In *The Bremen,* the Supreme Court held that a forum selection clause is *"prima facie* valid and should be enforced" in the absence of a compelling countervailing reason making enforcement unreasonable. 407 U.S. at 10, 92 S.Ct. at 1913.

A Pennsylvania court would conclude that a forum selection clause is enforceable in the absence of a compelling, countervail-

justice," nor do they raise the common law doctrine of "forum non conveniens" to which § 1404(a) is related, as a bar to a Canadian forum.

5. *Ricoh* leaves open the question of whether the holding in *The Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), applying federal judge-made law to the issue of a forum selection clause's validity in admiralty cases, should be extended to diversity cases. Justice Marshall, writing for the Court, states:

> Although we agree with the Court of Appeals that the *Bremen* case may prove "instructive" in resolving the parties' dispute, [*Stewart Organization v. Ricoh Corp.,*] 810 F.2d [1066] at 1069 [ (11th Cir.1987) ]; but cf. *Texas Industries Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 641–642 [101 S.Ct. 2061, 2067–2068, 68 L.Ed.2d 500] (1981) (federal common law developed under admiralty jurisdiction not freely transferable to diversity setting), we disagree with the court's articulation of the relevant inquiry as "whether the forum selection clause in this case is unenforceable under the standards set forth in *The Bremen.*" 810 F.2d, at 1069. Rather, the *first question* for consideration should have been whether § 1404(a) itself controls....

*Ricoh,* 108 S.Ct. at 2243 (emphasis added). Justice Scalia, dissenting, argues that the validity of a forum selection clause is a question of substantive law and accordingly the application of either § 1404(a) or federal judge-made law conflicts with *Erie*'s twin purposes of discouraging state-federal forum shopping and avoiding inequitable administration of the laws. *Id.* at 2245.

In *Martin Marietta,* we rejected the idea that courts are bound as a matter of federal common law to apply *The Bremen* standard to forum selection clauses:

> The construction of contracts is usually a matter of state, not federal, common law. Federal courts are able to create federal common law only in those areas where Congress or the Constitution has given the courts the authority to develop substantive law, as in labor and admiralty, or where strong federal interests are involved, *as in cases concerning the rights and obligations of the United States.* ... As the Court in *Miree v. DeKalb County, Georgia,* 433 U.S. 25 [97 S.Ct. 2490, 53 L.Ed.2d 557] (1977), observed, in a suit between private parties where federal common law is sought to be applied, "normally the guiding principle is that a *significant conflict between some federal policy or interest and the use of state law [exists].*"

*Martin Marietta,* 783 F.2d at 356 (citations omitted) (emphasis added by *Miree* Court). We also noted that district courts sitting in diversity should apply a similar analysis. *Id.* at 357 n. 4. *See also Coastal Steel v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190, 201 (3d Cir.1983) ("It is not entirely clear why, absent a [federal] statute ... the enforceability of a forum selection clause should properly be divorced from the law which in other respects governs the contract."), *cert. denied,* 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983).

6. The contract was made and negotiated between a Pennsylvania corporation and an Ontario corporation, for performance in Pennsylvania and adjoining states.

ing reason. *See, e.g., Central Contracting Co. v. C.E. Youngdahl & Co.*, 418 Pa. 122, 133, 209 A.2d 810, 816 (1965) (Supreme Court of forum state, Pennsylvania, held contract's forum selection clause enforceable unless enforcement would "seriously impair plaintiff's ability to pursue his cause of action"). This circuit applied that test in *Central Contracting Co. v. Maryland Casualty Co.*, 367 F.2d 341, 345 (3d Cir. 1966) (diversity case).

An Ontario court would also enforce the clause unless the forum selected could not possibly give any relief. In *Poly–Seal Corp. v. John Dale Ltd.*, [1958] O.W.N. 432 (Ont.H.C.), the Ontario High Court of Justice enforced forum selection clauses which chose the jurisdiction of English and Swedish courts, even though there was doubt about the ability of those courts to grant the injunctive relief which the American corporations sought. The Ontario High Court said "the Canadian Courts ought not to interfere, unless it was shown that the foreign Courts could not possibly give any relief to the parties." *Id.; see also Gulf Canada Ltd. v. Turbo Resources Ltd.*, 18 C.P.C. 146, 148 (Ont.H.C.1980) (deferring to parties' choice of courts of Alberta in forum selection clause); *but see Khalij Commercial Bank Ltd. v. Woods*, 50 O.R.(2d) 446, 448 (Ont.H.C.1985) (failure of parties to use the word "exclusive" before the word "jurisdiction" in forum selection clause allowed for jurisdiction in any other court before which matter is properly

brought). Instrumentation's asserted conflict between the law of Pennsylvania and the law of Ontario, with respect to the enforceability of a forum selection clause, is a false conflict.

## V.

■ We have determined that under Pennsylvania, Ontario and federal judge-made law, forum selection clauses are enforceable. Alternately, we could inquire whether those forums would honor the parties' choice of law as "the laws of Canada." *Klaxon*, 313 U.S. at 496, 61 S.Ct. at 1021. Arguably, they would not do so if the clause is ambiguous. However, it is not.

Canada has adopted the English rule for determining what law governs a contract. Specifically, the Supreme Court of Canada has held that the "proper law" of the contract is defined by considering the contract as a whole in light of all the surrounding circumstances and applying the law of the forum which has the closest and most substantial connection to the contract. *The Imperial Life Assurance Company of Canada v. Colmenares*, [1967] S.C.R. 443, 448.[7] That principle would be uniformly applied by all Canadian courts, federal and provincial. *See* G. Robertson, *Jurisdiction Clauses and the Canadian Conflict of Laws*, 20 Alberta L.Rev. 296, 312 (1982):

> It is well established that the interpretation of a contract is governed by its

---

7. The Canadian analysis is similar to that suggested by Restatement (Second) of Conflict of Laws § 188 (1969), setting forth the factors a court should consider in selecting "Law Governing in Absence of Effective Choice by the Parties." That section states, in relevant part:

> (1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6.

> (2) In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
> (a) the place of contracting,
> (b) the place of negotiation of the contract,
> (c) the place of performance,

> (d) the location of the subject matter of the contract, and
> (e) the domicil, residence, nationality, place of incorporation and place of business of the parties.
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

If the forum selection clause were truly ambiguous, we would apply the conflict of law principles of the forum state, Pennsylvania. *See Melville v. American Home Assurance Co.*, 584 F.2d 1306, 1311 (3d Cir.1978) (applying *Griffith v. United Air Lines*, 416 Pa. 1, 203 A.2d 796 (1964) to contract issue in diversity case). In *Griffith* the Pennsylvania Supreme Court held that, in conflict of law cases, the law of the jurisdiction with the most interest in the subject matter of the litigation and most concerned with the outcome applies. That holding basically adopts the Restatement (Second) analysis.

proper law. In this regard a jurisdiction clause should be treated no differently from any other clause in the contract. Consequently, the issue of whether a jurisdiction clause is exclusive in nature should be determined by the proper law of the contract and not by [local law].

The district court erred in holding the forum selection clause so ambiguous on its face as to be unenforceable, because Canada has a national choice of law rule for determining the governing law in contract cases. The district court premised its holding that the reference in the contract to "the laws of Canada" is ambiguous on an assumption that there would be no uniform treatment of forum selection clauses among the Canadian provinces. This may be true with respect to the local law of the provinces but, as Madsen argues, Canada's uniform law obviates any ambiguity arising out of provincial differences. The Canadian uniform law eliminates the ambiguity the district court saw.[8]

Any jurisdiction whose law could properly apply to this case would enforce the parties' choice of a Canadian forum to settle their disputes "in connection" with this contract. We will therefore reverse the district court's order denying Madsen's motion to dismiss.

---

**8.** Fed.R.Civ.P. 44.1 provides:

A party who intends to raise an issue concerning the law of a foreign country shall give notice by pleadings or other reasonable written notice. The court, in determining foreign law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination shall be treated as a ruling on a question of law.

Prior to the adoption of the rule the common law treated foreign law as a fact which must be asserted and proved. Neither Instrumentation nor Madsen attempted to establish the law of Canada or Ontario as a fact. However, neither objected to the other's argument on Canadian authorities, and attached copies of the relevant cases to their briefs. Thus, we have a full explication of the applicable foreign law on which we feel justified in relying.