The issue presented by this petition for a writ of mandamus is whether a defendant, by answering a complaint and failing to object therein to the venue of an action, thereby waives the objection and is subsequently barred from raising the question when the plaintiff amends the complaint in a manner that would not affect venue.
The subject action involves a dispute between the plaintiffs and the State of Alabama over certain land located in Baldwin County that was conveyed to the State of Alabama in 1955, to be used by the State as a public park or for a historical monument. The deed conveying the land contained a reversionary provision stating that if the State "did not commence development of the said land for a public park or historical monument within 10 years from the date of this deed, or in the event the grantee ceases to use the property as a public park or historical monument, the title to the said land shall revert to and vest in the grantors, or their heirs."
The heirs of the grantors sued the State and sought to have the court declare that a reversion had occurred because the contemplated development of the land had not commenced as intended by the grantors.
The State answered the complaint, without questioning whether venue was appropriate in Baldwin County. Subsequently, the plaintiffs amended their complaint to add an additional tract of land located in Baldwin County to the description of the land set out in the original complaint. Several days later, the State filed a motion styled as a motion for change of venue or a Rule 12(b)(3), Ala.R.Civ.P., motion. The trial court granted the State's motion and transferred the action to Montgomery County. The plaintiffs seek a writ of mandamus ordering Judge Thomas B. Norton, Jr., to set aside his order transferring the action to Montgomery County.
The plaintiffs argue that the trial court was incorrect. They contend that the State, by answering the original complaint without raising the defense of improper venue, thereby waived its objection. We agree with them.
Rule 12(b) provides, in part:
 "(b) How presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto, if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (3) improper venue. . . . A motion making any of these defenses shall be made before pleading if a further pleading is permitted."
Rule 12(b), therefore, requires that a claim of "improper venue" be made in the responsive pleading or in a motion filed before the responsive pleading. A "responsive pleading" in regard to a complaint is an answer. See Rule 7. If a party fails to raise a Rule 12(b)(3) objection in the first responsive pleading or in a motion filed before that first responsive pleading, the objection is waived. There is an exception to that general rule, of course; a party can waive only an objection " 'then available to him.' " See Jerome A. Hoffman and Sandra Guin, Alabama Civil Procedure, § 4.82 p. 256 (1990). The exception provides that an objection to the venue of an action may be raised after an amended complaint is filed,if the impropriety of venue appears for the first time in thecomplaint as amended. Id. The exception to the general rule is not applicable here, because the facts giving rise to the defendant's venue objection did not arise for the first time upon the filing of the amendment. Consequently, the State did not timely file the motion for a change of venue, and the plaintiff's objection should have been sustained. *Page 873 
The State also argues that this Court cannot grant a writ of mandamus ordering the circuit judge in Baldwin County to set aside the transfer order, arguing that the Baldwin Circuit Court no longer has jurisdiction of the case, in view of the fact that the case has already been transferred to Montgomery County. Again, we disagree. See Ex parte City of HuntsvilleHospital Bd., 366 So.2d 684 (Ala. 1978).
The trial judge improperly transferred the action to Montgomery County. The plaintiffs' petition must be granted.
WRIT GRANTED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS, HOUSTON, KENNEDY and INGRAM, JJ., concur.