**FREDIANI & DELGRECO, S.P.A., Plaintiff,**

v.

**GINA IMPORTS, LTD., Jack P. Cerone, and Mario DeMarco, Defendants.**

**No. 94 C 3489.**

United States District Court, N.D. Illinois, Eastern Division.

Nov. 14, 1994.

---

Michael Andrew Ficaro, Robert Raymond Hall, Jr., Hopkins & Sutter, P.C., Chicago, IL, for plaintiff.

Peter M DeLongis, Andrew Yahres Acker, Aldo Ezra Botti, Bott, Marinaccio & Tameling, Ltd., Oak Brook, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

Plaintiff Frediani & Delgreco, S.P.A., an Italian corporation, brought this diversity action against Gina Imports, Ltd., an Illinois corporation with its principal place of business in Illinois, and Jack Cerone and Mario DeMarco, Illinois citizens. Plaintiff claims that it delivered olive oil to defendants and that defendants have not paid for the olive oil. Plaintiff's complaint contains eight counts, all of which are claimed to be pursuant to Italian law. Defendants have moved to dismiss on the ground that subject matter and personal jurisdiction is lacking because the invoices issued by plaintiff have a forum selection clause providing for exclusive jurisdiction in Lucca, Italy. Plaintiff contends that the forum selection clause is neither enforceable nor exclusive.

■ Initially, it is noted that the present motions only involve a question of proper venue. This is not a question of subject matter jurisdiction. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12, 92 S.Ct. 1907, 1914, 32 L.Ed.2d 513 (1972); *Caribe BMW, Inc. v. Bayerische Motoren Werke Aktiengesellschaft*, 821 F.Supp. 802, 819 (D.P.R.1993), *vacated on other grounds* 19 F.3d 745 (1st Cir.1994); 15 C.A. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 3801 (2d ed. 1986). Also, where the moving party seeks to dismiss the case because the appropriate forum is other than a federal district court, 28 U.S.C. § 1404(a), which provides for transfer to a different district court, is inapplicable. *Royal Bed & Spring Co. v. Famossul Industria e Comercio de Moveis Ltda.*, 906 F.2d 45, 50–51 (1st Cir.1990); *Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir. 1990); *Manetti–Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 512 n. 2 (9th Cir. 1988).

The invoices issued by plaintiff all contain the following paragraph at the bottom of each invoice.[1]

The seed oil invoiced is in compliance with the requirements of art. 18 T.U. 22/12/1954, No. 1217. The goods are shipped at the customer's risk even if shipped in port or paid freight. We do not accept any protest after eight days of the shipment. The payments are not valid if not provided directly to the representative directly appointed by us. The limits accepted for the shipment are conditional to events of force majeure. For any controversy, the only competent forum will be Lucca.

The invoices are only signed by plaintiff's agent; they are not signed by any defendant.

■ Plaintiff contends this clause is not enforceable under Italian law because not signed by defendants. While the Seventh Circuit has not yet ruled on the issue, the majority of courts have held that federal common law governs as to the enforceability and interpretation of forum selection clauses, reasoning that venue is a procedural issue, not a substantive issue. *See Royal Bed & Spring Co. v. Famossul Industria e Comercio de Moveis Ltda.*, 906 F.2d 45, 50–51 (1st Cir.1990);[2] *Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir.1990); *Manetti–Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 512–13 (9th Cir.1988); *Stewart Organization, Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1068 (11th Cir. 1987), *aff'd on other grounds*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988); *Sun World Lines, Ltd. v. March Shipping Corp.*, 801 F.2d 1066, 1069 (8th Cir.1986); *Caribe*, 821 F.Supp. at 816. *See also Northwestern*

---

1. The original is in Italian. Plaintiff does not dispute the accuracy of defendants' translation.

2. A later First Circuit case indicates that the holding in *Royal Bed* was "tentative," not conclusive. *See Lambert v. Kysar*, 983 F.2d 1110, 1116 n. 10 (1st Cir.1993).

*National Insurance Co. v. Donovan*, 916 F.2d 372, 374 (7th Cir.1990) (*dictum* stating that parties' concession that federal law applied to enforceability of forum selection clause was "probably ... correct"); *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (federal law applies to consideration of forum selection clause on 28 U.S.C. § 1404(a) transfer). *Contra Farmland Industries, Inc. v. Frazier–Parrott Commodities, Inc.*, 806 F.2d 848, 852 (8th Cir.1986);[3] *General Engineering Corp. v. Martin Marietta Alumina, Inc.*, 783 F.2d 352, 356–57 (3d Cir.1986).[4] The majority rule will be applied. Federal law, not Italian law, determines the enforceability and construction of the forum selection clause.

■ Plaintiff contends the clause is unenforceable because the invoice is not signed by defendants. Federal law, however, does not automatically refuse to recognize unnegotiated forum selection clauses contained on form contracts issued by one party. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 592, 111 S.Ct. 1522, 1527, 113 L.Ed.2d 622 (1991); *Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 758 (7th Cir.1992); *Donovan*, 916 F.2d at 377–78; *Lemoine v. Carnival Cruise Lines*, 854 F.Supp. 447 (E.D.La.1994); *M & D Balloons, Inc. v. Texas Balloon & Novelty Co.*, 1992 WL 92030 *3–4 (N.D.Ill. April 30, 1992). There is no contention that defendants did not have notice of the clause or that it was not on the face of the form in reasonable size type. Moreover, unlike the usual case, here it is the drafter of the clause that is opposing enforcement. Plaintiff, which drafted and signed the form, cannot contend that the forum selection clause is unenforceable as an adhesion contract because unsigned by the other party. The clause will only be unenforceable if its enforcement will be a "serious inconvenience." *Shute*, 499 U.S. at 1526, 111 S.Ct. at 1526 (quoting *Bremen*, 407 U.S. at 17, 92 S.Ct. at 1917). *See also Bonny v.*

*Society of Lloyd's*, 3 F.3d 156, 160 (7th Cir. 1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1057, 127 L.Ed.2d 378 (1994); *Paper Express*, 972 F.2d at 757.

■ Before considering any inconveniences, it must first be determined whether the clause is a forum selection clause and whether Lucca, Italy is an exclusive forum. *See Paper Express*, 972 F.2d at 755; *Donovan*, 916 F.2d at 376. Absolute clarity as to being a forum selection clause is not required. *See Donovan*, 916 F.2d at 376. To be an exclusive clause, though, there must be language supporting that it is mandatory and limited to the specified venue or venues. *See Paper Express*, 972 F.2d at 756. "The law is clear: where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." *Id.* at 757.

■ The pertinent clause reads: "For any controversy, the only competent forum will be Lucca." Perhaps this clause reads better in the original Italian, in English, however, it is reasonably clear. *Cf. Donovan*, 916 F.2d at 376. For present purposes, it would be clearer if it read "all litigation shall be filed only in the courts located in Lucca, Italy." But plaintiff apparently wanted a clause that would apply to more than just litigation. Or perhaps the language contains terms of art that were lost in translation. Still, the clause can be readily understood as a forum selection clause. "Any controversy" is clear enough. It certainly would encompass litigation, presumably arbitration as well, and perhaps other forms of controversy. Any lack of clarity as to the full coverage of the phrase is not a problem because the phrase clearly encompasses litigation which is all that is involved in this case. The next key word is "forum." Forum certainly refers to a loca-

**3.** *Farmland* distinguishes *Sun World, supra,* as being only an alternative holding and therefore nonbinding *dictum.*

**4.** A later Third Circuit case, however, distinguishes *Martin Marietta* as a nondiversity case and indicates it is still an open question in the Third Circuit as to what law to apply to the enforceability of a forum selection clause in a diversity case. *See Instrumentation Associates, Inc. v. Madsen Electronics (Canada) Ltd.,* 859 F.2d 4, 6 (3d Cir.1988).

tion and a court is a type of forum. "Lucca" is the Italian city where plaintiff is located. The sentence, therefore, is a forum selection clause. As for exclusivity, the language used is "will be," not the usual mandatory language "shall." However, other words clarify that the clause is mandatory. "Forum" is limited by the adjectives "only competent." Particularly the word "only," makes the clause mandatory and exclusive. In *Paper Express*, 972 F.2d at 756–57, the Seventh Circuit distinguishes between the meaning of the word "jurisdiction" and the word "venue." It noted that the phrase "jurisdiction shall be in _____" was generally construed as permissive not mandatory, while the phrase "venue shall be in _____" was construed as mandatory. Neither of those words is used in the pertinent clause in this case, but use of "only" makes clear the mandatory and exclusive nature of the clause.

There is only one location that is the right or correct forum for litigation. The invoice contains a mandatory and exclusive forum selection clause. *Cf. Shepard Niles Crane & Hoist Corp. v. Fiat, S.p.A.*, 84 F.R.D. 299, 305 (W.D.N.Y.1979) ("COMPETENCE: For any controversy, the competent judicial authority is that of Turin."); *Snavely's Mill, Inc. v. Officine Roncaglia, S.p.A,* 678 F.Supp. 1126, 1130 (E.D.Pa.1987) ("For any controversy that might arise between the parties concerning the interpretation and execution of the contract, only the Italian Authority shall be competent and specifically the law— court of Modena."); *Pirolo Brothers, Inc. v. Angelo Maffei & Figli, SAS,* 1988 WL 105257 (S.D.N.Y. Oct. 4, 1988) ("For the resolution of every controversy, the competent judicial authority is that of Avellino [Italy]."); *Gaskin v. Stumm Handel GmbH,* 390 F.Supp. 361, 363 (S.D.N.Y.1975) ("it is agreed that Essen [the Republic of West Germany] shall be the forum to which any controversy must be submitted").

■ It still must be considered whether enforcement of the clause should be denied on the ground that it involves "serious inconveniences." The burden is on plaintiff to show there are serious inconveniences. *Bre-*

*men,* 407 U.S. at 17, 92 S.Ct. at 1917. Plaintiff contends this standard is satisfied because the Italian forum "will be so gravely difficult and inconvenient that [plaintiff] will for all practical purposes be deprived of [its] day in court." *Id.* at 18, 92 S.Ct. at 1917. Plaintiff contends this is so because it will be unable to obtain personal jurisdiction over defendants in the Italian courts. Defendants' Italian legal expert disputes this contention. It is unnecessary, however, to resolve that dispute. Defendants have provided affidavits that they will not contest personal jurisdiction in the Italian courts.[5] Moreover, dismissal of this case will be conditional on defendants not raising personal jurisdiction or statute of limitations defenses in the Italian courts. *See Fiat,* 84 F.R.D. at 306. Plaintiff also contends that it will not be able to enforce any judgment in the Italian courts and will have to return here to enforce any judgment. Whether that is an accurate description of Italian law is unknown. But even if true, it does not prevent plaintiff from having its day in court. Plaintiff does not dispute that, if unable to enforce any judgment in an Italian court, it would still have the ability to enforce an Italian judgment in this court. *Cf. id.*

■ Plaintiff also contends that it would be unfair and unjust to enforce the forum selection clause. *General Electric Co. v. G. Siempelkamp GmbH & Co.,* 29 F.3d 1095, 1099 (6th Cir.1994). *Cf. Shute,* 499 U.S. at 595, 111 S.Ct. at 1528 ("forum-selection clauses contained in form passage contracts are subject to judicial scrutiny for fundamental fairness"). Plaintiff contends that it has been fair and just by bringing this suit in defendants' home forum instead of in Italy. That, however, should not be the consideration. Defendants do not oppose enforcing the clause; plaintiff opposes enforcing it. The question is whether it is unfair to enforce the clause against plaintiff. It is not unfair to require plaintiff to litigate in its home city and country regarding products delivered in that country unless those courts can provide no relief. *Cf. General Electric,* 29 F.3d at 1099. As previously discussed,

---

**5.** The parties provide nothing regarding Italian law as to these waivers of personal jurisdiction. Therefore, Italian law is presumed to be the same as the law in this country. The waivers

would be recognized and judicial estoppel would also prevent defendants from taking a contrary position before the Italian courts.

plaintiff has not shown that it can obtain no relief in the Italian courts.

The present action will be dismissed conditioned on defendants submitting to the jurisdiction of the Italian courts for both the merits of the case and any postjudgment enforcement proceedings. Dismissal is further conditioned on defendants waiving any statute of limitations defense which arose after plaintiff filed its complaint. This court will retain jurisdiction to reinstate this case in the event that any condition is violated. Any motion for reinstatement must be brought within a reasonable time after the events underlying the motion. *Cf.* Fed. R.Civ.P. 60(b).

IT IS THEREFORE ORDERED that defendants' motion to dismiss [18] is granted. The Clerk of the Court is directed to enter judgment dismissing plaintiff's cause of action without prejudice for lack of venue. This dismissal is conditioned on defendants submitting to the jurisdiction of the Italian courts for both the merits of the case and any postjudgment enforcement proceedings and is further conditioned on defendants waiving any statute of limitations defense which arose after plaintiff filed its complaint. The court retains jurisdiction to reinstate this case, on timely motion, in the event that any condition is violated. Ruling date of November 10, 1994 is vacated.