Robert DEANS and Elizabeth
Deans, Plaintiffs,

v.

TUTOR TIME CHILD CARE SYSTEMS,
INC., Defendant.

No. IP 97–828–C B/S.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Nov. 10, 1997.

Philip A. Whistler, Ice Miller Donadio &
Ryan, Indianapolis, IN, for Plaintiffs.

Thomas A. Brodnik, Stark Doninger &
Smith, Indianapolis, IN, for Defendant.

### ENTRY GRANTING DEFENDANT'S MOTION TO TRANSFER

BARKER, Chief Judge.

This matter comes before the Court on Defendant's motion to dismiss for improper venue or, alternatively, to transfer the case to the United States District Court, Southern District of Florida. The motion to transfer is GRANTED.

### BACKGROUND

Plaintiffs, Robert Deans and Elizabeth Deans ("the Deans"), and Defendant, Tutor Time Child Care Systems, Inc. ("Tutor Time"), entered into a franchise agreement on April 20, 1994 for a Tutor Time day care facility that was to be located in Indiana. Complaint Exhibit A. Prior to the agreement's execution, the Deans met with Tutor Time representatives at Tutor Time's Florida offices in November of 1993. Robert Deans Aff. ¶ 4. The franchise agreement was then mailed to the Deans, who reside in Indiana, by Tutor Time and was executed by the Deans in Indiana. *Id.* at ¶ 5. The Deans were represented by counsel during the review, negotiation and execution of the franchise agreement. Richard Weissman Aff. ¶ 6. The franchise agreement contains a forum-selection clause which provides:

The Franchisor and Franchisee acknowledge and agree that the U.S. District Court for the Southern District of Florida, or if such court lacks jurisdiction, the Seventeenth Judicial Circuit (or its successor) in and for Broward County, Florida, shall be the venue and exclusive forum in which to adjudicate any dispute arising either directly or indirectly, under or in connection with this Franchise Agreement....

Complaint Exhibit A ¶ 19.21.

## DISCUSSION

Tutor Time moves for transfer of this case to the United States District Court, Southern District of Florida, pursuant to 28 U.S.C. § 1404(a). Section 1404(a) lays out the factors that should be considered by the Court in ordering a transfer of venue. It provides that a district court "[f]or the convenience of the parties and witnesses [and] in the interest of justice ... may transfer any civil action to any other district or division where it might have been brought."

Tutor Time contends that the forum-selection clause contained in the franchise agreement should be enforced by granting its motion to transfer. The Deans rejoin that the forum-selection clause violates Indiana's public policy against forum-selection clauses in franchise agreements and should not be honored.

██ The parties do not dispute that the scope of the forum-selection clause covers the Deans' claims. *See Omron Healthcare, Inc. v. Maclaren Exports Ltd.*, 28 F.3d 600 (7th Cir.1994) (disputes which arguably depend on the construction of an agreement arise out of that agreement). Rather, the issue is whether to enforce the clause. When a case is in federal court on the basis of diversity jurisdiction, federal law governs whether to give effect to a forum-selection clause. *See Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 28, 108 S.Ct. 2239, 2242, 101 L.Ed.2d 22 (1988); *Artex Ins. Agency, Inc. v. Economy Mechanical Indus., Inc.*, No. 92–C–1625, 1997 WL 160743, at *3 (N.D.Ill. April 2, 1997); *Frediani & Delgreco v. Gina Imports, Ltd.*, 870 F.Supp. 217, 219 (N.D.Ill.1994). The United States Supreme Court *in Stewart Organization*, 487 U.S. at 29, 108 S.Ct. at 2244, held that "[t]he presence of a forum-selection clause ... will be a significant factor that figures centrally in the district court's calculus" in resolving a § 1404(a) motion. Indeed, "a forum-selection clause should control unless there is a 'strong showing that it should be set aside.'" *Northwestern National Ins. Co. v. Donovan*, 916 F.2d 372, 376 (7th Cir.1990) *quoting The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972); *see also Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1290 (7th Cir. 1989).

The Deans contend that the forum-selection clause in this case violates Indiana's public policy against contractually limiting the rights of franchisees as codified in IND. CODE § 23–2–2.7–1, thus constituting a "strong showing" that the forum-selection clause should not control. Tutor Time rejoins that the forum-selection clause does not contravene the policy behind § 23–2–2.7–1 and, even if it did, state public policy concerns do not dictate the resolution of a § 1404(a) motion to transfer.

██ The Deans specifically cite I.C. § 23–2–2.7–1(5) and (10) as evidence of Indiana's alleged policy against forum-selection clauses in franchise agreements. Subsection (5) prohibits:

Requiring the franchisee to prospectively assent to a release, assignment, novation, *waiver*, or estoppel which purports to relieve any person from liability to be imposed by this chapter or requiring any controversy between the franchisee and the franchisor to be *referred to any person*, if referral would be binding on the franchisee.

[Emphasis added]. The Deans argue that the forum-selection clause constitutes a "waiver" and that transferring the case would be "referring to any person." Both arguments fail. "Waiver" in subsection (5) obviously refers to waiving liability under the statute. The forum-selection clause does not impact the applicability of the statute in this case, nor does it effect Tutor Time's liability under the statute. This motion and the forum-selection clause merely relate to the forum of the suit, not to choice-of-law issues. Further, the phrase "referring to a person" does not reflect a policy against enforcing

forum-selection clauses when the forum selected is a court, instead, the phrase clearly is attempting to prohibit a franchisee from having to go through a middleman before taking its case to court.

■ The Deans also cite subsection (10), which prohibits "Limiting litigation brought for breach of the agreement in any manner whatsoever." The Deans contend that the forum-selection clause limits the Deans' litigation rights by restricting where suit can be brought. This interpretation of subsection (10) is misguided. The Deans will have the same opportunity to litigate the merits of this case if the forum-selection clause is enforced. I.C. § 23–2–2.7–1 is driven by its intention to preserve the substantive rights conferred upon franchisees by the statute and was not designed to preserve a particular venue. *See Sheldon v. Munford, Incorp.,* 950 F.2d 403 (7th Cir.1991) (choice-of-law provision violated § 23–2–2.7–1 because it stripped franchisee of substantive rights under the Indiana statute). Enforcement of the forum-selection clause would not violate the statute's intent to guarantee substantive rights to franchisees and, thus, does not contravene Indiana public policy.

■ Even if Indiana did have a public policy against forum-selection clauses in franchise agreements, that fact is not dispositive in our decision on a § 1404(a) motion to transfer. The Supreme Court in *Stewart Organization,* 487 U.S. 22, 108 S.Ct. at 2239, noted that "[i]f a State cannot pre-empt a district court's consideration of a forum-selection clause by holding that the clause is automatically enforceable, it makes no sense for it to be able to do so by holding the clause automatically void." *Id.* at 31 n. 10, 108 S.Ct. at 2245 n. 10. In this case, the strong presumption that the forum-selection is controlling, coupled with considerations discussed below, outweigh any marginal public policy against limiting venue selection in litigation involving franchise agreements. *See Hugel v. Corporation of Lloyd's,* 999 F.2d 206, 210 (7th Cir.1993).

The forum-selection clause in this case is reasonable. The Deans were represented by counsel during the review, negotiation and execution of the franchise agreement and even negotiated amendments to the standard Tutor Time franchise agreement. The

agreement, including the forum-selection clause, was entered into by the Deans freely and knowingly and "the clause should be treated like any other contract." *Donovan, supra,* at 376. Further, the Southern District of Florida is a reasonable venue for this dispute. Tutor Time is a Florida corporation with its offices in Florida and the Deans traveled to Tutor Time's Florida offices prior to the execution of the franchise agreement. The Court is not directed to any evidence that a third party would be gravely inconvenienced by transferring this dispute to Florida and there is no indication that this case cannot be properly brought in the Southern District of Florida. Accordingly, the forum-selection clause controls and Tutor Time's motion to transfer this case to the United States District Court, Southern District of Florida, is GRANTED.

Regarding Tutor Time's motion to dismiss, even if the Southern District of Indiana is an improper venue, justice would dictate a transfer to a proper forum rather than a dismissal. *See* Wright & Miller, Jur.2d § 3827. Therefore, Tutor Time's motion to dismiss for improper venue is DENIED in light of the Court's order to transfer.