738 So.2d 844 (1999)
O'BRIEN ENGINEERING COMPANY, INC.
v.
CONTINENTAL MACHINES, INC., et al.
1971445.
Supreme Court of Alabama.
June 11, 1999.
Joseph B. Mays, Jr., and Matthew W. Cooper of Bradley, Arant, Rose & White, L.L.P., Birmingham, for appellant.
George G. Lynn, Tony G. Miller, and Kevin W. Patton of Maynard, Cooper & Gale, P.C., Birmingham, for appellees.
PER CURIAM.
This appeal concerns the application of an "outbound" forum-selection clause.
On April 4, 1997, O'Brien Engineering Company, Inc. ("O'Brien"), sued Continental Machines, Inc. ("Continental"), a Minnesota corporation; Control and Power, Inc. ("Control"), an Alabama corporation; and Larry A. Sichmeller, Continental's vice president for sales and marketing. O'Brien alleged that Continental and Sichmeller had committed promissory fraud by terminating O'Brien as an authorized distributor of Continental products. The trial court dismissed O'Brien's complaint, without prejudice, based on the forum-selection clause set out in the contract entered into by the parties. The trial court's April 13, 1998, judgment of dismissal stated:
"The defendants have filed a Motion for Summary Judgment which, in light of amendments to the complaint, must be treated as a motion for partial summary judgment. While the Court is inclined to believe that the motion is well taken, the Court declines to rule upon the motion. Instead, the Court chooses to enforce the `outbound' forum-selection clause found in the relevant distribution *845 agreement and, therefore, dismisses this action without prejudice to the plaintiff's right to file suit in the appropriate court in Minnesota. The enforcement of the clause does not appear to be unfair or unreasonable under the circumstances."
(C.R.492.) O'Brien appealed.
O'Brien was an authorized distributor for Continental's hydraulic pumps and valves, under a 1984 distribution agreement. The agreement contained a choice-of-law provision and an outbound forum-selection clause.[1] The agreement stated that the parties specifically intended that the interpretation of the agreement would be governed by the laws of Minnesota and that, in the event of any dispute arising out of or in connection with the agreement, the complaining party would sue in the United States District Court for the District of Minnesota or in the District Court for Hennepin County, Minnesota. The outbound forum-selection clause was set out in paragraph 24 of the distribution agreement; it provided in pertinent part:
"GOVERNING LAW, JURISDICTION, VENUE AND STATUTE OF LIMITATIONS. This Agreement shall be governed by the laws of the State of Minnesota and any and all rights and obligations under this Agreement, including matters of construction, validity and performance, shall be governed by the laws of the State of Minnesota and no other jurisdiction. If any dispute arises out of or in connection with this Agreement or the termination thereof, or the relationship created by or described in this Agreement, the parties agree to bring suit upon all such matters then in dispute only in the United States District Court for the District of Minnesota or, if said Court lacks diversity jurisdiction, in the District Court for the County of Hennepin, State of Minnesota."
(Deposition of J.A. O'Brien, defendant's exhibit 3.)
On October 10, 1996, Continental terminated its distributorship agreement with O'Brien. On April 4, 1997, O'Brien filed a complaint in the Circuit Court of Jefferson County, Alabama, against Continental and Sichmeller, alleging promissory fraud; and against Control, claiming tortious interference with business relations. The defendants answered on May 12, 1997. On May 19, 1997, Continental filed a counterclaim against O'Brien, alleging a breach of the 1984 distribution agreement. The defendants moved for a summary judgment on February 9, 1998. O'Brien amended its complaint on February 19, 1998, to include claims based on promissory estoppel and breach of an oral contract. In response to O'Brien's amended complaint, the defendants immediately moved to dismiss the action, pursuant to the forum-selection clause contained in the parties' 1984 distribution agreement. On April 14, 1998, the trial court dismissed the case, without prejudice.
Initially, we must determine the applicable standard of review for an appeal from a trial court's order dismissing a case because of a forum-selection clause. Relying on M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), this Court has held that forum-selection clauses are not against the public policy of Alabama and "that such a provision should be enforced unless to do so would be unfair or unreasonable under the circumstances." Professional Insurance Corp. v. Sutherland, 700 So.2d 347, 348 (Ala.1997). However, we did not explicitly state in Professional Insurance Corp. v. Sutherland what standard of review we would use in reviewing a dismissal based on a forum-selection clause.
*846 A number of other jurisdictions have addressed this issue, but have reached no consensus concerning the correct standard of review. Some courts apply the "abuse-of-discretion" standard[2] or the "de novo" standard[3] in reviewing a lower court's order dismissing a case because of a forum-selection clause. The rule we consider to be the better-reasoned rule, which is followed by a majority of the state appellate courts, is that an order dismissing a case because of a forum-selection clause will be reviewed on appeal for an abuse of discretion. For that reason, we will apply the "abuse-of-discretion" standard in this case.
O'Brien argues that the trial court erred in determining that its claims against the defendants are governed by the forum-selection clause in the parties' 1984 distribution agreement. This Court has held that it is not unfair or unreasonable to enforce a forum-selection clause if the clause is part of a contract that "[has] been freely entered into, without the existence of fraud, undue influence, or overweening bargaining power; and [if] the chosen forum [is] reasonable and not seriously inconvenient." Professional Insurance Corp. v. Sutherland, 700 So.2d at 350 (citing M/S Bremen, 407 U.S. at 13, 17-18, 92 S.Ct. 1907). O'Brien does not argue, and the record does not reflect, that O'Brien entered into the contract against its will, that O'Brien was subject to undue influence in the negotiation or execution of the contract, or that Continental had overweening bargaining power over O'Brien. Further, the chosen forumMinnesotais not unreasonable or seriously inconvenient, because Minnesota is the home state of Continental, several witnesses live and work in Minnesota, and a substantial number of the documents related to the case are located in Minnesota. Accordingly, we are unable to say that the trial court abused its discretion by enforcing the forum-selection clause.
O'Brien also argues that the defendants waived their right to invoke the forum-selection clause. It is undisputed that when O'Brien filed its action in the Jefferson Circuit Court, forum-selection clauses were considered to be void and unenforceable in Alabama. Redwing Carriers, Inc. v. Foster, 382 So.2d 554 (Ala. 1980). During the pendency of O'Brien's case, however, this Court decided Professional Insurance Corp., supra, reversing the rule stated in Redwing Carriers. On February 19, 1998, in open court, the trial judge granted O'Brien's motion to amend its complaint to include claims based on the doctrine of promissory estoppel and alleging breach of an oral contract. Immediately, Continental moved to dismiss the case pursuant to the forum-selection clause, and the court subsequently granted Continental's motion. O'Brien argues that Continental waived its right to enforce the forum-selection clause by not objecting to *847 venue or otherwise raising an objection to the Alabama lawsuit in its first responsive pleading or in a motion filed before the first responsive pleading. See Rule 12(b), Ala.R.Civ.P.; Ex parte Till, 595 So.2d 871, 872 (Ala.1992). However, "a party can waive only an objection `"then available to him."'" Ex parte Till, 595 So.2d at 872. Because an objection based on the forum-selection clause was not available to Continental when its first responsive pleading was due, it necessarily could not have waived such an objection. However, O'Brien's filing the amended complaint, after the release of our decision in Professional Insurance Corp. v. Sutherland, made the objection available to Continental. Continental timely made the objection in its motion to dismiss the case. The trial court did not abuse its discretion in holding that the defendants had not waived their right to invoke the forum-selection clause. Rule 12(b), Ala.R.Civ.P.; Ex parte Till, 595 So.2d at 872.
The judgment of the Jefferson Circuit Court dismissing O'Brien's case is affirmed.
AFFIRMED.
HOOPER, C.J., and MADDOX, KENNEDY, COOK, BROWN, and JOHNSTONE, JJ., concur.
HOUSTON, J., concurs specially.
SEE and LYONS, JJ., dissent.
HOUSTON, Justice (concurring specially).
Forum-selection clauses are not always enforceable. To be enforceable, such a clause must have been freely entered into, without the existence of fraud, undue influence, or overweening bargaining power; and the chosen forum must be reasonable and not seriously inconvenient. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 13, 17-18, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); Professional Insurance Corp. v. Sutherland, 700 So.2d 347, 350 (1997). For that reason, in addition to the reasons stated in the per curiam opinion, I am of the opinion that the standard of review applicable to the trial court's decision to enforce the forum-selection clause is the abuse-of-discretion standard rather than the de novo standard.
SEE, Justice (dissenting).
This Court holds that the defendants did not waive their defense of improper venue, which is premised on a contractual forum-selection provision. I respectfully dissent.
In Redwing Carriers, Inc. v. Foster, 382 So.2d 554 (Ala.1980), this Court held that "outbound" forum-selection clauses were contrary to public policy and, therefore, invalid and unenforceable. Id. at 556. This Court based its holding on the erroneous view that forum-selection clauses invest a court with, or divest a court of, subject-matter jurisdiction. In concluding that the contractual forum-selection clause, which required that any action be brought in the courts of Tampa, Hillsborough County, Florida, was unenforceable, this Court gave this rationale:
"Here, ... we are concerned with a jurisdictional question. There is a distinction between jurisdiction and venue. Jurisdiction refers to a court's inherent power to decide a case, while venue designates the geographical situs in which a court with jurisdiction may entertain a suit.
"In the instant case, the agreement does not govern venue, rather it waives the jurisdictional privilege of any domicile that the parties may be entitled to, divesting all courts of the power to hear and determine the cause except the courts of Hillsborough County, Florida.
". . . .
"We consider contract provisions which attempt to limit the jurisdiction of the courts of this state to be invalid and unenforceable as being contrary to public policy. Parties may not confer jurisdiction by consent, nor may they limit the jurisdiction of a court by consent."
Id. at 555-56 (citations omitted). Thus, under Redwing Carriers, forum-selection clauses were viewed as an attempt by parties to bestow subject-matter jurisdiction *848 exclusively on a particular court or on particular courts. "This Court adhered... to this `jurisdictional' view in a line of subsequent cases." Professional Ins. Corp. v. Sutherland, 700 So.2d 347, 349 (Ala.1997) (citing cases).
In Sutherland, this Court overruled the holding of Redwing Carriers and its progeny, ruling that an outbound forum-selection clause is enforceable unless to enforce it would be unfair or unreasonable under the circumstances. See 700 So.2d at 350. However, in Sutherland this Court also suggested that it had not abandoned the jurisdictional view established in Redwing Carriers.
"And the Redwing Carriers Court specifically determined that the `outbound' forum selection clause in that case, which required that any litigation be brought in Tampa, Florida, did not involve a question of venue, but rather concerned jurisdiction. Because the forum selection clauses in this case similarly stipulate that any lawsuit on the contracts `shall be brought in Duval County, Florida,' we conclude that they also do not involve venue."
700 So.2d at 351 (citation omitted). Thus, the Sutherland Court apparently retained the view of the Redwing Carriers Court, that forum-selection clauses invest a court with, or divest a court of, subject-matter jurisdiction.
The Sutherland Court's retaining the jurisdictional view was incorrect and was not necessary to the result in that case. As the Sutherland Court explained, even if the forum-selection clauses in that case affected venue, they were not prohibited by Ala.Code 1975, § 6-3-1. See 700 So.2d at 351. Although § 6-3-1 declares void any agreement that would change the statutorily prescribed venue of an Alabama court, this Court interpreted that section to permit parties to "agree[] to restrict actions to a particular forum that is authorized under the venue statutes." Id.
I do not agree that forum-selection clauses invest a court with, or divest a court of, subject-matter jurisdiction. "Jurisdiction over the subject matter is the power of a particular court to hear and to determine the cause of action, the relief sought, or the general question that is then before it." Hixson v. Haygood, 516 So.2d 694, 694-95 (Ala.Civ.App.1987) (citing Constantine v. Constantine, 261 Ala. 40, 72 So.2d 831 (1954); Farrell v. Farrell, 243 Ala. 389, 10 So.2d 153 (1942); Moffatt v. Cassimus, 238 Ala. 99, 190 So. 299 (1939); Ex parte Kelly, 221 Ala. 339, 128 So. 443 (1930); and Woolf v. McGaugh, 175 Ala. 299, 57 So. 754 (1911)). As this Court has stated, "Subject matter jurisdiction can neither be conferred by agreement nor can it be waived." International Longshoremen's Ass'n v. Davis, 470 So.2d 1215, 1216 (Ala.1985). Further, as the United States Court of Appeals for the Eleventh Circuit explained in Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285 (11th Cir.1998):
"In our view, motions to dismiss based upon forum-selection clauses ordinarily are not properly brought pursuant to Rule 12(b)(1), [Fed.R.Civ.P.,] which permits motions to dismiss for lack of subject matter jurisdiction, because the basis upon which the defendants seek dismissalnamely, that the agreement of the parties prohibits the plaintiff from bringing suit in the particular forumis unrelated to the actual basis of federal subject matter jurisdiction namely, federal question jurisdiction or diversity of citizenship, as the case may be."
Id. at 1289.[4] Similarly, the subject-matter jurisdiction of Alabama courts is conferred *849 only by the provisions of the Alabama Constitution and statute. See Ala. Const. of 1901, Amend. No. 328; Ala.Code 1975, § 12-11-1 ("There is provided in every county in the state a circuit court with all the jurisdiction and powers that are conferred on the circuit court by the Constitution and laws of this state."); Ex parte Barger, 243 Ala. 627, 628, 11 So.2d 359, 360 (1942) ("We [have] recognized ... that this Court, `can only act within the jurisdiction conferred by law, and this cannot be enlarged by waiver or the consent of the parties.'") (quoting Ex parte Alabama Textile Products Corp., 242 Ala. 609, 7 So.2d 303, 306 (1942)). Therefore, forum-selection clauses implicate the venue of a court, and not its subject-matter jurisdiction.
Accordingly, a motion to dismiss based on a forum-selection clause should be made pursuant to Rule 12(b)(3), Ala. R. Civ. P., as a motion asserting the defense of improper venue. Under Rule 12(h)(1), Ala. R. Civ. P., a defense of improper venue is waived if it is omitted from the first responsive pleading or from a Rule 12 motion filed before the first responsive pleading. I agree with Justice Lyons that, because the venue question and the outbound forum-selection provision were apparent when the original complaint was filed, the defendants waived their improper-venue defense by failing to assert that defense in their first responsive pleading. See Jerome A. Hoffman & Sandra Guin, Alabama Civil Procedure § 4.82 (1990). I therefore dissent.
LYONS, Justice (dissenting).
I respectfully dissent. I would reverse the trial court's judgment on the basis that Continental waived its right to invoke the contract's forum-selection clause as a defense of improper venue.
The question presented by this case has generated a split in authority among the United States Circuit Courts of Appeals that have addressed it. Those courts have considered whether a motion to dismiss on the basis of a forum-selection clause should be filed under Rule 12(b)(6), Fed.R.Civ.P. (failure to state a claim), or under Rule 12(b)(3) (improper venue). See Frietsch v. Refco, Inc., 56 F.3d 825, 830 (7th Cir.1995) (embracing the majority view that the right to assert a forum-selection clause is a defense of improper venue and therefore is waivable, under Rule 12(h)(1), Fed.R.Civ. P.). Frietsch was followed in Sharpe v. Jefferson Distributing Co., 148 F.3d 676, 679 (7th Cir. 1998), abrogated on other grounds by Papa v. Katy Industries, Inc., 166 F.3d 937 (7th Cir.1999). See, also, Mitsui & Co. (USA), Inc. v. Mira M, 111 F.3d 33 (5th Cir.1997); Argueta v. Banco Mexicano, S.A., 87 F.3d 320 (9th Cir.1996); Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d 953 (10th Cir.), cert. denied, 506 U.S. 1021, 113 S.Ct. 658, 121 L.Ed.2d 584 (1992). But see Lambert v. Kysar, 983 F.2d 1110 (1st Cir.1993); Instrumentation Associates, Inc. v. Madsen Electronics (Canada) Ltd., 859 F.2d 4 (3d Cir.1988).
In my opinion, the majority view is the better reasoned view. If the right to assert a forum-selection clause is a defense of improper venue, then it is deemed waived if not made in the first responsive pleading or in a motion filed before the first responsive pleading. I find the federal caselaw persuasive in this case, because Rule 12(h)(1), Ala. R. Civ. P., is identical to its federal counterpart. Continental did not assert the defense of improper venue either by motion filed before its first responsive pleading or in its first responsive pleading. I would adopt the majority view and hold that Continental waived its right to invoke the forum-selection clause as a defense of improper venue.
However, because forum-selection clauses were unenforceable at the time Continental filed its first responsive pleading, the majority holds that Continental did not *850 waive its defense of improper venuebecause the defense was not "then available." I disagree with this conclusion.
The "then available" limitation recognized in Ex parte Till, 595 So.2d 871 (Ala. 1992), should be applied to matters presented in the action such as venue defenses accruing after an amendment, and not to changes in decisional law. In adopting this limitation in Ex parte Till, this Court stated: "[A]n objection to the venue of an action may be raised after an amended complaint is filed, if the impropriety of venue appears for the first time in the complaint as amended." 595 So.2d at 872 (emphasis in original). Thus, the limitation was recognized to prevent waiver of a defense of which the plaintiff's complaint did not make the defendant aware. The treatise from which the Court adopted the "then available" limitation, Jerome A. Hoffman & Sandra Guin, Alabama Civil Procedure § 4.82 p. 256 (1990), gave the following as an example of nonwaiver of such a defense:
"[I]f a defendant interposes a Rule 12(e) motion for more definite statement, omitting an objection to a defect of venue then apparent from the complaint, he may not thereafter assert an objection to venue in any manner. If, however, the impropriety of venue appears for the first time in the complaint amended in response to an order for more definite statement, the defendant may assert an objection to venue by subsequent pre-answer motion or otherwise, because the objection to improper venue was not apparent, and therefore not available, when he interposed his original 12(e) motion."
The contractual right to object to improper venue was apparent as soon as O'Brien filed its complaint. The original complaint was based on an alleged breach of the contract containing the forum-selection clause. Thus, Continental was aware of the defense, and the defense did not appear for the first time in the complaint as amended. Continental, however, chose not to plead the clause as a defense of improper venue, apparently relying on this Court's decision in Redwing Carriers, Inc. v. Foster, 382 So.2d 554 (Ala.1980), overruled, Professional Ins. Corp. v. Sutherland, 700 So.2d 347 (Ala.1997).
Continental could have taken the same path that the defendant took in Sutherland. Continental could have pleaded the clause as a defense or moved to dismiss the action on the basis of the clause, obtained a ruling from the trial court, and challenged the Redwing holding on appeal, just as the defendant in Sutherland did. Continental waited seven months after Sutherland was decided before invoking the forum-selection clause; it now seeks to reap the benefits of the actions taken by the defendant in Sutherland. During that delay, both parties engaged in extensive discovery, at a significant cost to O'Brien. I would not relieve Continental of the consequences of its waiver, because it should not be rewarded for failing to attempt to seek a favorable interpretation as to the effect of the forum-selection clause.
Accordingly, I would hold that Continental waived its right to assert the forum-selection clause as a defense of improper venue, and I dissent from the majority's holding to the contrary.
NOTES
[1] An "outbound forum-selection clause" is a particular kind of forum-selection clause by which the parties to a contract specifically agree to trial outside the State of Alabama in the event of a dispute. Professional Insurance Corp. v. Sutherland, 700 So.2d 347, 348 n. 1 (Ala.1997); see also High Life Sales Co. v. Brown-Forman Corp., 823 S.W.2d 493, 495 (Mo.1992).
[2] See, e.g., Prows v. Pinpoint Retail Systems, Inc., 868 P.2d 809, 810 (Utah 1993) (dismissal based upon venue); Hauenstein & Bermeister, Inc. v. Met-Fab Industries, 320 N.W.2d 886, 889-90 (Minn. 1982) (dismissal based upon jurisdiction); Smith, Valentino & Smith, Inc. v. Superior Court, 17 Cal.3d 491, 495-96, 551 P.2d 1206, 1209, 131 Cal.Rptr. 374, 377 (1976) (dismissal based upon jurisdiction); Appliance Sales & Service, Inc. v. Command Electronics Corp., 115 N.C.App. 14, 21, 443 S.E.2d 784, 789 (1994) (dismissal based upon jurisdiction); Eads v. Woodmen of the World Life Ins. Soc., 785 P.2d 328, 331 (Okla.App. 1989) (dismissal based upon jurisdiction); Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 280 n. 4 (9th Cir. 1984) (dismissal based upon jurisdiction); Sun World Lines, Ltd. v. March Shipping Corp., 801 F.2d 1066, 1068 n. 3 (8th Cir.1986) (dismissal based upon venue).
[3] See, e.g., Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290-91 (11th Cir. 1998), cert. denied, ___ U.S. ___, 119 S.Ct. 851, 142 L.Ed.2d 704 (1999) (dismissal based upon venue); Lambert v. Kysar, 983 F.2d 1110, 1112 (1st Cir.1993) (dismissal based upon venue); Hugel v. Corporation of Lloyd's, 999 F.2d 206, 207 (7th Cir.1993) (dismissal based upon venue); Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d 953, 956 (10th Cir.), cert. denied, 506 U.S. 1021, 113 S.Ct. 658, 121 L.Ed.2d 584 (1992) (dismissal based upon forum-selection clause); Instrumentation Assocs., Inc. v. Madsen Electronics (Canada) Ltd., 859 F.2d 4, 5 (3d Cir.1988) (dismissal based upon forum-selection clause).
[4] In Lipcon, the Eleventh Circuit discussed the conflict among the federal circuit courts of appeals concerning the issue whether a motion to dismiss based on a forum-selection clause is properly made as a motion to dismiss under Rule 12(b)(1), Fed.R.Civ.P., for lack of subject-matter jurisdiction; Rule 12(b)(3), for improper venue; or Rule 12(b)(6), for failure to state a claim upon which relief can be granted. See 148 F.3d at 1289-91; see also 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352 (2d ed. 1987 & Supp.1998) (discussing conflict among federal circuit courts of appeals). The Eleventh Circuit held that a motion to dismiss based on a forum-selection clause is to be made pursuant to Rule 12(b)(3) as a motion asserting the defense of improper venue. See Lipcon, 148 F.3d at 1289.